## GRAVES *v.* DUDLEY.

The plaintiff having agreed to loan $250 to third parties upon usurious terms handed bank bills to that amount to the defendant to be delivered by him to the contemplated borrowers, when any mistakes in the deed to be given as security for the loan, and which was then handed to the plaintiff, should be rectified, if, on examination, any mistake should be found. The plaintiff, after examining the papers, tendered them to the defendant, and demanded the bills: *Held*, that he could maintain an action for the specific recovery thereof.

The contract for the loan remaining executory, delivery of the money to the defendant did not change the title to the bills.

There is nothing in the nature of bills or of money to make a delivery of them work a change of ownership when such was not the intention, or to prevent their being specifically recovered when so identified as that delivery may be made.

Evidence that part of the bills were of a particular bank and denomination, is sufficient to prevent a nonsuit in the absence of evidence that the defendant had in his possession, or the bank ever issued, other bills of similar denomination.

APPEAL from the Supreme Court. Action to recover pos-session of several bank bills amounting to $250. On the trial at the Essex Circuit, before Mr. Justice BOCKES, the case proved was this: The plaintiff had negotiated with Royal Dudley and Levi G. Dudley, brothers of the defendant, in res-pect to a loan of $250 to be made by him to them upon usurious terms. The loan was to be secured by the conveyance of certain lands to the plaintiff, with an agreement for re-con-veyance upon payment. The deeds and contract were drawn by the defendant, acting as the agent of his brothers. They were executed and offered to the plaintiff by the defendant, when the former raised some question as to the validity of the acknowledgement of one of the deeds, and talked of taking the papers to counsel for examination. Nothing was then consummated. On the next day the defendant called on the plaintiff for the $250, and it was handed to him upon his executing a paper reciting the receipt of the money "which I agree to deliver to Royal Dudley and Levi G. Dudley, provided there shall be found no mistakes in the convey-ances or contracts this day delivered to the said Graves [des-cribing them]. And if upon examination of said papers there shall be found any mistake or mistakes they are to be immediately rectified, and the said contract [for re-conveyance], delivered to the said Royal Dudley and Levi G. Dudley: and further I agree to deliver the said $250 as above received, at the time the said papers shall be rectified as above stated.

"JOHN K. DUDLEY."

Some evidence was received, under the defendant's excep-tion, of what was said at the time of delivering the above

paper.   The plaintiff on the 15th of April demanded the money of the defendant, and tendered to him the papers which he had received.   There was a motion for nonsuit which was denied, and the judge directed a verdict for the plaintiff, to both of which decisions, and to sundry rulings on which they were founded, the defendant took specific exceptions.   The judgment rendered upon the verdict was affirmed at general term in the fourth district, and the defendant appealed to this court.

*A. C. Hand,* for the appellant.

*John K. Porter,* for the respondent.

GROVER, J.   The objection of the defendant's counsel to proof of what was said at the time of the receipt of the money by the defendant was well taken.   The writing given by the defendant to the plaintiff was, as finally held by the judge, more than a receipt, and was the only admissible evidence as to the purpose for which the money was received; and upon its construction depends the title thereto.   This could not be affected by parol proof.   There was no material evidence given under the ruling, and consequently the exception became nugatory.

It is insisted by the defendant's counsel that the plaintiff cannot avoid the contract on account of usury.   That question does not arise in the case.   If the title to the money would have passed from the plaintiff to the defendant's brothers by its delivery to the defendant, under the circumstances, had not the agreement for the loan been tainted with usury, it equally passed, however usurious that agreement might be.   A party does not retain the title to money loaned by him at a usurious rate.   The title to the money depends upon the construction of the defendant's agreement made with the plaintiff.   This shows that the deeds were not delivered to the plaintiff to take effect as perfect instruments, either absolutely or upon condition, but for the purpose of examination by the plaintiff to ascertain whether the papers were right,

and subject to future correction, should they be found imper-
fect. Such a delivery did not transfer the title of the land to
the plaintiff. The papers were not operative as conveyances
until the examination was made, and they were found correct,
or if imperfect corrected. The facts do not bring this case
within the principle of *Worrall* v. *Munn* (1 *Seld.*, 229). The
money was not delivered by the plaintiff to the defendant as
agent for and as the property of his brothers, which they had the
right to demand and receive from him, but to be retained by
the defendant in his own hands until the examination of the
papers and their completion if any alteration was found neces-
sary. Such a delivery of the money by the plaintiff to the
defendant did not change the title to the bills. They remained
the property of the plaintiff. The contract for the loan
remained executory, and the plaintiff could refuse to proceed
to consummate it. He could reclaim the money from the
defendant, and a refusal to deliver by the defendant to the
plaintiff upon demand would be evidence of a conversion,
which if found would support an action in favor of the plain-
tiff against the defendant therefor.

But this action is brought to recover the possession of the
bills, and it is insisted that such an action will not lie where
the subject matter is money. The authorities relied upon by
the counsel, arose in the action of detinue, when that was
the remedy provided by law for the recovery of personal pro-
perty unlawfully detained. The cases are analogous to the
action given by the Code to recover the possession of like pro-
perty similarly detained, and the same principle should be
applied to the latter action. Coke upon Littleton (286 *b.*),
speaking of the writ of detinue, says: "In this writ the plain-
tiff shall recover the thing detained, and therefore it must be
so certain as it may be known, and for that cause it lyeth not
for money out of a bag or chest; and so of corn out of a sack,
and the like; these cannot be known from other." This shows
that money could be recovered in the action of detinue, the
same as corn; that is where it could be identified. The same
rule applies to all personal property, and to maintain an action

for its recovery it must be identified so that delivery of the specific goods to which the party is entitled may be made. This may be done in any way within the power of a party. In the case of bills, by proof of the bank, denomination, date, letter, number or any other proof, showing the particular bills in question. There is nothing in the nature of bills or specie making a delivery work a change of ownership, unless delivered with that intent. The case of *The Commercial Bank of Albany* v. *Hughes* (17 *Wend.*, 94), only decides that the title to money paid into a bank, and passed generally to the credit of the party paying, passes to the bank, and the relation of debtor and creditor is created between the parties : not so, however, when the deposit is special, and the identical money is to be kept for the party making the deposit. It is true that a party receiving money in the course of business without notice, from one intrusted with the possession by another, acquires a good title against the owner ; still the former owner can maintain an action for the conversion against the party wrongfully pay-ing it.

The only remaining question arises upon the defendant's motion for a nonsuit upon the ground that the action would not lie to recover the possession of bank bills without further identification. This objection presents the question whether the plaintiff's proof was sufficient to identify any of the bills. His daughter testified that she counted the money, that three of the bills were fiftys, and nine were tens, upon the Commercial Bank of Whitehall. There was no evidence that the defendant had in his possession any other bills of similar denomination upon that bank. It did not appear that the bank had ever issued any others of the same denomination. Had such evidence been given, perhaps the plaintiff could have given further proof of identity. As the case stood, I think the proof of identity *prima facie* sufficient. All that is necessary is, that the proof should be sufficient to enable the court to give judgment for the delivery of the particu-lar thing to which the plaintiff is entitled, and if the defendant has so disposed of that thing that delivery cannot be made

upon the execution, then the value is to be collected of the defendant in satisfaction of the judgment. My conclusion is that the judgment should be affirmed.

ALLEN, J., expressed no opinion; all the other judges concurring,

Judgment affirmed.