Andrews, J.
The verbal contract for the sale by the defendant to the Youngs’, of the farm of the former, was followed by the vendees taking possession under the contract, and paying part of the purchase-money; and the proof establishes a contract, which, although by parol, could have been enforced in an action by the vendees for a specific performance.
The rights of the parties to this action are the same as as if the preliminary contract had been in writing. It is important to bear in mind their respective obligations under. that contract. The negotiation between them was for the purchase and sale of the farm of the defendant; the .location and general boundaries of which were known as well to the vendees as to the defendant.
There was no contract on the part of the defendant to sell, or on the part of the Youngs to buy, an exact 100 acres of *245 land; but the one party agreed to sell his farm, and the other party agreed to buy it, and pay for it at the rate of forty-four dollars per acre; and the contract was to be consummated by a conveyance by the defendant, and by payment in money and securities by the vendees on the first of April thereafter.
The defendant represented that the farm contained 100 acres.
It was not an essential, nor, indeed, was it any part of the contract that the farm contained any specific quantity of land.
The defendant’s contract would have been fully performed by a conveyance of the farm by metes and bounds, and the purchasers’ by payment therefor at the rate of forty-four dollars an acre. The defendant could exact no more, and the purchasers were not bound to pay any more.
This was the position of the parties to the contract when they met on the first of April to complete its execution.
Performance on the part of the vendees preceded, in point of time, the delivery of the deed by the defendant, although both acts were parts of a continuous transaction.
The vendees paid money.and gave securities to the amount of $4,400, upon the supposition that the farm contained 100, acres, and relying upon the untrue, but not fraudulent representations of the defendant.
The deed was then handed to one of the purchasers, who, on immediate inspection, discovering that it described the land as containing about ninety-eight acres, “ more or less,” . called the attention of the defendant to the fact. Up to his point there had been no acceptance of the deed by the grantees. (Graves v. Dudley, 20 N. Y., 79; Choutcau v. Suydam. 21 id., 179; Brackett v. Barney, 28 id., 333; Crosby v. Hollyer, 24 Wend., 333.)
The money paid and securities executed by them were in the hands of the defendant, and exceeded by several hundred dollars the amount which, by the contract, they were obliged to pay.
*246 The farm in fact contained but about eighty-nine acres.
The purchasers might have refused to accept the deed unless the defendant adjusted the over payment; but, instead of this, they accepted it upon the understanding (which the evidence warranted the jury to find) that the quantity of land should be subsequently ascertained,-and an adjustment of thb purchase-money should be made upon the basis of the contract. This was an equitable arrangement; and unless some rule of law prevents it should be enforcéd.
The provisions of the contract looked to a complete performance by both parties at the time of the execution of the deed. But it is equally plain that, under the actual circumstances existing at that time, both parties consented and intended that the contract, so far as it related to the amount to be paid by the purchasers, should remain unaffected by the execution and acceptance of the deed.
The delivery of the deed did not extinguish the obligation of payment according to thb contract; and if the purchasers had not paid the purchase-money, the acknowledgment of payment therein would not have precluded the defendant from recovering it under the contract, and from treating it for that purpose as still executory.
The general rule is well settled, and it is a reasonable and salutary one, that when a preliminary contract for the sale of land has been executed by a conveyance, any inconsistencies between the contract and the deed are to be explained and governed solely by the latter, which is presumed to contain the final agreement of the parties. (Rawle on Covenants for Title, 612; Seitzinger v. Weaver, 1 Rawle, 377; Share v. Anderson, 7 S. & R., 60.) And this rule is invoked against the recovery in this case. But there is no inconsistency between the deed and the claim in this action. The deed was the execution,of the obligation of the vendor.
After the description of the land by metes and bounds, the number of acres is given as 98^^- “ more or less.”
The claim in this action that there were in fact but eighty-nine acres is not a contradiction of the deed, but is consistent with it.
*247 There is no ground for saying that the acceptance of the deed was inconsistent with the reservation by the parties of the right to fix the amount of the purchase-money by a subsequent survey. The statement in the deed of a consideration in gross, and the recital that the land conveyed contained ninety-eight acres, “more or less,” may, unexplained, justify the inference that the sale was in bulb, and not by the acre; but this is an inference of a fact collateral to the purpose of the conveyance ; and it is well settled that the consideration clause is open for explanation for any purpose except to defeat the conveyance. It was the obligation of the purchasers which was left open for adjustment when the deed was given; and although the execution and acceptance of a deed may be evidence prima facie of the completion of the whole contract, the presumption is, in this case, rebutted by proof of the express agreement of the parties. ( Wilbech v. Waine, 16 N. Y., 532; Morris v. Whitcher, 20 id., 41.) Hor does the principle which excludes proof "of a parol eoteinporaneous agreement to contradict, supplement or vary a written instrument, apply to prevent a recovery in this action.
The right of the purchasers to the land on payment of a fixed price per acre—rested upon the original contract—and the oral agreement, made when the deed was delivered, was material only for the purpose of rebutting any presumption that the purchasers assented to any change in the contract, by the acceptance of the deed. The purchasers, when they accepted the deed, had parted with their money and securities. They got nothing by the deed except that to which the contract entitled them; and there is no rule of law which, under the circumstances of this case, prevents a recovery to the extent of the over payment. The cases of Howes v. Baker (3 J. R., 506), and Houghtaling v. Lewis (10 id., 291) have been considered; and the result we have reached is not, we thinb, in conflict with those cases as they are explained in Wilbech v. Waine and Morris v. Whitcher.
The objection to the evidence of the surveyor as to his *248 survey is immaterial, as there is other evidence in the case by which the deficiency is established.
The order appealed from should be reversed, and judgment upon the verdict affirmed.
Church, Ch. J., Grover and Peckham, JJ., concur.
Folg-er and Papaleo, JJ., concur, except as to proof of quantity.
Allen, J., dissents.
Order reversed, and judgment accordingly.