## CHRISTIAN LINCK
### v.
## CITY OF LITCHFIELD.

*Costs—Interest—Sec. 3, Chap. 74, R. S.*

A judgment for costs bears interest, being within Sec. 3, Chap. 74, R. S.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. A. N. KINGSBURY and LANE & COOPER, for appellant.

Messrs. JOSEPH E. PADEN and GEORGE L. ZINK, for appellee.

CONGER, J. In a former suit between these parties, appellant had recovered against appellee, a judgment in this court for costs, amounting to sixty-four dollars and fifty cents.

This action was brought to recover such costs and interest thereon. The Circuit Court refused to allow appellant any interest on his judgment for costs, and hence he appeals.

The question whether a judgment for costs bears interest, has not been passed upon by the courts of this State, so far as we are advised. Sec. 3, Chap. 74, R. S., provides, "Judgments recovered before any court or magistrate, shall draw interest at the rate of six per centum per annum, from the date of the same until satisfied."

If the adjudication of a court in awarding costs is a judgment within the meaning of the foregoing section, there would seem to be no room to question the propriety of allowing interest upon costs so recovered and allowed.

Sec. 7, Chap. 33, R. S., provides : " If any person shall sue in any court in this State, in any action * * * and shall recover any debt or damage in such action, then the plaintiff or demandant shall have judgment to recover costs against defendant, to be taxed, and the same shall be recovered, together with the debt or damages by execution, except in the cases hereinafter mentioned."

Sec. 8 provides: " If any person shall sue in any court of record of this State, in any action wherein the plaintiff or demandant might have costs in case judgment be given for him, and he be *non pros.*, or suffer a discontinuance, * * *

th 'n the defendant shall have judgment to recover his costs against the plaintiff * * * or defendant, to be taxed, and the same shall be recovered by like process," etc.

It is true the clerk is the officer authorized by law to tax the costs and determine the items and their amount, but when this is done, such taxation relates back to, and is supported and authorized alone by the decision of the court in rendering a judgment for the costs, and is as much the judgment of the court as the damages awarded. We are inclined to think, therefore, that a judgment for costs is within the language and meaning of Sec. 3 of the chapter on interest, and that the Circuit Court erred in holding differently. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*