[No. 14815.    Department One. — March 26, 1892.]

## In the Matter of the Estate of PHILIP KENNEDY, Deceased.

Estates of Decedents — Rejected Claim — Judgment — Interest. — It seems that upon the recovery of a judgment against an estate upon a rejected claim, the creditor is entitled to recover interest from the date of such rejection.

Id. — Authority of Probate Court — Amount of Judgment — Interest not Included — Res Adjudicata. — If from any cause interest has not been allowed in rendering judgment upon a rejected claim, the probate court has no authority to order paid an amount not included in the judgment, a certified transcript of the docket of which forms the claim to be paid, and furnishes the evidence upon which the court acts in ordering its payment, and the amount to which the claimant is entitled is *res adjudicata* by the judgment.

Id. — Interest upon Costs. — The claimant is entitled to legal interest upon the amount of his judgment for costs.

Appeal from an order of the Superior Court of the city and county of San Francisco denying interest upon a judgment for the amount of a rejected claim against. an estate from the date of rejection of the claim, and denying interest on the costs incurred in recovering judgment on said claim.

The facts are stated in the opinion of the court.

*James Gartlan,* for Appellant.

Every claim allowed by the executor or administrator, and approved by the judge, is in the nature of a judgment, and bears interest from the date of allowance. (*Deck's Estate* v. *Gherke,* 6 Cal. 669; *Beckett* v. *Selover,* 7 Cal. 239; 68 Am. Dec. 237; *Estate of Glenn,* 74 Cal. 568.) A judgment rendered on a rejected claim merely

establishes it in the same way as if it had been allowed
by the executor or administrator and a judge. (Code
Civ. Proc., sec. 1504; *Estate of Glenn*, 74 Cal. 568.)   In
giving judgment on a rejected claim, the court takes
the place of the executor or administrator.   The judg-
ment is tantamount to an allowance of the claim at the
time of its presentation. (*Pico* v. *Stevens*, 18 Cal. 376.)
Judgments bear interest at the rate of seven per cent
per annum. (Civ. Code sec. 1920.)   A judgment for
costs bears interest, under the rule that judgments shall
bear interest from date until satisfied.   (*Linck* v. *City
of Litchfield*, 31 Ill. App. 104.)   The contention of the
respondents that the judgment in the case of *Curran* v.
*Kennedy* is conclusive is not tenable, and the judgment
was not a final one.   No question becomes *res adjudicata*
until it is settled by a final judgment. (Freeman on
Judgments, sec. 251.)   A judgment directing payment
in due course of administration, as was given in the
case of *Curran* v. *Kennedy*, is not final, and therefore not
conclusive of the rights of the parties. (Freeman on
Judgments, sec. 12; *Magraw* v. *McGlynn*, 26 Cal. 431;
*Myers* v. *Mott*, 29 Cal. 363; 89 Am. Dec. 49; *Rice* v. *Ins-
keep*, 34 Cal. 224; *Wells, Fargo & Co.* v. *Robinson*, 13 Cal.
143.)   Furthermore, it would seem that the order of
August 20, 1891, from which this appeal has been
taken, is the one that judicially determines appellant's
rights. (*Estate of Cook*, 14 Cal. 130.)   The judgment in
*Curran* v. *Kennedy* was, in effect, an allowance of the
claim at the date of its presentation, and should bear
interest from that time. (*Pico* v. *Stevens*, 18 Cal. 376.)

*Charles F. Hanlon*, for Respondents.

Assuming that the appellant was entitled to have in-
terest allowed him on his claim in the action brought by
him from the date of its presentation to the date of judg-
ment, still, as the court in that action did not allow such
interest, but rendered judgment for the amount sued for,
with interest from the date of judgment, that question
is now *res adjudicata.*   Failure to recover any part of the

relief prayed for is conclusive between the same parties, against a subsequent claim for such relief. (Freeman on Judgments, sec. 249, and cases cited in note 5, sec. 284 a; *Gray* v. *Dougherty*, 25 Cal. 266, 277; *Wetmore* v. *San Francisco*, 44 Cal. 294; *Belcher Consolidated Min. Co.* v. *Deferrari*, 62 Cal. 160.) A former judgment is conclusive upon matters which might have been litigated under the pleadings, though not actually passed upon; the presumption of law is, that all such issues were actually heard and decided. (*Parnell* v. *Hahn*, 61 Cal. 131; *Brown* v. *Willis*, 67 Cal. 236.) A judgment in a probate proceeding is as conclusive as to any matter which might have been litigated there as is a judgment in a civil action. (Freeman on Judgments, 3d ed., sec. 319 a; *Brummagim* v. *Ambrose*, 48 Cal. 366.) And the converse naturally follows. The court did not err in denying interest on the costs, as the statute nowhere provides for interest upon interest, but the interest should always be calculated upon the amount found due by the verdict or decision of the court. (*Alpers* v. *Schammel*, 75 Cal. 591.)

GAROUTTE, J. — Thomas E. Curran, as administrator of the estate of Thomas Cushing, deceased, recovered a judgment in the sum of $2,642.25 principal, and $128 costs, against the executor and executrix of the estate of Philip Kennedy, deceased, to be paid in the due course of administration. Thereafter the probate court ordered the judgment and costs to be paid from the assets of the estate, and denied appellant's motion to allow him interest upon the amount of the judgment from the date of the rejection of his claim by the executor and executrix to the date of the rendition of the judgment, and also denied his application for interest upon the amount of his judgment for costs. It is from the order of the court in these regards that this appeal is prosecuted.

It would seem, under the authority of *Pico* v. *Stevens*, 18 Cal. 376, that upon the recovery of a judgment against an estate upon a rejected claim, the creditor is

entitled to recover interest from the date of such rejection. In this case it is not entirely clear from the record that the amount of the judgment recovered did not include such interest, but conceding such to be the fact, still the probate court had no authority to order any amount paid not included in the judgment. A certified transcript of the docket of the judgment forms the claim which is to be paid, and furnishes the evidence upon which the court acts in ordering its payment. Conceding appellant was entitled to recover interest from the date of the rejection of his claim, and the amount of such interest was not included in the judgment rendered, still such judgment is a bar to its recovery. If he failed to ask for such interest in his complaint, or if he asked for it and his prayer was denied by the court, in either case the judgment is a bar. In the court where the probate proceedings are pending, the question as to the amount to which appellant is entitled is *res adjudicata* by the judgment, and authorities are not necessary to be cited upon the proposition.

We think appellant is entitled to legal interest upon the amount of his judgment for costs. (*Linck* v. *City of Litchfield*, 31 Ill. App. 104.)

Let the cause be remanded, with directions to the lower court to allow appellant legal interest upon the amount of his cost-bill, and in other respects let the order be affirmed, appellant to pay the costs of this appeal.

PATERSON, J., and HARRISON, J., concurred.