STATE *ex rel.* CHICOT COUNTY *v.* DESHA COUNTY.

Opinion delivered February 11, 1907.

JUDGMENT—INTEREST.—The act of April 10, 1899, providing for settlement of the indebtedness of Desha County to Chicot County, enacts that any decree rendered by the chancery court in a suit to settle such indebtedness "shall bear interest at 5 per cent. per annum from date till paid; and the said chancery court shall have power to enforce the collection of the said decree by causing the levying or quorum court of said Desha County to annually levy such rate of taxation * * * as will pay one-twentieth of decree and interest thereon." *Held,* that the act did not provide that when the interest was not paid annually the installments of interest should also bear interest.

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This appeal is from a decree of the chancery court in favor of the State for the benefit of Chicot County against Desha County in the sum of $42,923.15, with interest thereon from the 11th day of September, 1901, at the rate of five per cent. per annum until paid. The court ordered the quorum court of Desha County to levy an annual tax. of five mills upon all real and personal property within a certain territory of Desha County to pay the decree. The court ascertained that, during the pendency of an appeal to the Supreme Court from the original decree and to the date of the final decree, interest to the amount of $7,690.37 had accumulated. The court also entered a decree in favor of Chicot County for costs in the sum of $1,145, and ordered that the costs be first paid, and then the amount of interest that had accrued on the date of the final decree.

*Baldy Vinson,* for appellant.

1. Since the act provided that a levy should be made each year sufficient to pay the interest and twenty per cent. of the principal, it is clear that it contemplated that the interest should be a liquidated sum, due annually. Act April 10, 1899, § 4. It also provides that any decree rendered should bear five per cent. interest per annum from date until paid. See 38 Ark. 114.

Installments of interest, if not paid when due, should become a part of the principal, and bear interest at the same rate until paid.

2.  Costs paid by a successful litigant, as also the interest accrued to the time of rendition of the final decree, are as much a part of the decree itself as the principal debt.  94 Cal. 22; 31 Ill. App. 104; 18 Cal. 287; 73 Ind. 529.  Appellant should be allowed interest on its costs paid out.

*F. M. Rogers,* for appellee.

1.  Appellant, in failing to note exceptions to the decree below, waived the right of appeal.  Kirby's Dig. § 6224; *id.* § 1285.

2.  The decree rendered by the lower court is a literal compliance with the mandate of this court.  The cause was remanded with instructions to modify the former decree in three particulars only.  73 Ark. 399.

It was not in contemplation of the act that interest should be compounded.  See Kirby's Dig. § 5385.  Neither, in this State, does interest run on costs.

WOOD, J., (after stating the facts.)  Appellant contends that, under the Act of April 10, 1899, providing for settlement of indebtedness from Desha to Chicot County, annual instalments of interest on the judgment were contemplated, and that, unless these installments were paid, they should become a part of the principal and bear interest accordingly.

Appellant also contends that decree for costs should bear interest from the date of the original decree, Sept. 11, 1901, to April 8, 1905.

Section 4 of the act provides "that any decree rendered by the said chancery court in said cause shall bear interest at 5 per cent. per annum from date till paid; and the said chancery court shall have power to enforce the collection of the said decree by causing the levying or quorum court of said Desha County to annually levy such rate of taxation * * * as will pay one-twentieth of decree and interest thereon."

Under this statute only the decree bears interest; and while there is an annual levy of taxes to pay the decree, there is nothing

to indicate that the payments of interest are to be made annually, and that, unless the payments of interest are made annually, such installments of interest shall also bear interest. The cost of suit would be a part of the "expense of collection," and, when decree is rendered for that, such decree would bear interest as the decree for the amount of indebtedness; indeed, it would then be a part of such decree. There is no intimation that the court at the rendition of the final decree in ascertaining the amount of costs then due did not take into consideration the interest that had accrued on the costs as well as the debt to that date. The decree was in accord with the mandate of this court and the statute, as construed by this court in *Desha County* v. *Chicot County,* 73 Ark. 387, and it is affirmed.