[Civil No. 1231. Filed July 6, 1912.]

[125 Pac. 873.]

J. T. DOWDY and E. L. GIBSON, Appellants, v. PETE CALVI, Appellee.

1. Attachment — Affidavit—Amendment.—Civil Code 1901, paragraph 362, expressly authorizes amendment of an affidavit in attachment.

2. Garnishment—Affidavit—Amendment.—Civil Code 1901, paragraph 362, expressly authorizes amendment of a garnishment affidavit.

3. Pleading—Complaint—Amendment.—Where a complaint stated two causes of action, one for money had and received, acquired by a tortious entry upon plaintiff's place of business in his absence, and the other founded on tortious destruction of his business, an

amendment more specifically alleging the indebtedness and the circumstances under which defendant obtained possession of the money, and omitting the second cause of action, was not improperly allowed as introducing a new and different cause of action from that originally pleaded.

4. ABATEMENT AND REVIVAL—ANOTHER SUIT PENDING.—An action should be abated for pendency of another suit for the same relief between the same parties and involving the same subject of action.

5. ELECTION OF REMEDIES—INCONSISTENT REMEDIES.—A subsequently commenced action between the same parties, for the same cause of action, seeking different and inconsistent relief, will abate, even though the prior action has been dismissed, because the plaintiff elected his remedy and cannot have two remedies for the same wrong.

6. JUDGMENT—BAR—RELIEF SOUGHT.—One who has pursued a remedy to judgment cannot prosecute another suit for the same cause of action, but for a different relief, since the facts constituting the cause of action have been adjudicated.

7. EVIDENCE—JUDICIAL NOTICE—FILING OF ACTIONS.—A court cannot judicially know that one action was commenced before another merely because it bears a lower file number.

8. ABATEMENT AND REVIVAL—JUDGMENT—PENDENCY OF ANOTHER ACTION—RES JUDICATA.—Pendency of an action to replevin money, or disposition of the cause adverse to plaintiff, does not affect his right to pursue a valid remedy for its conversion.

9. REPLEVIN—SUBJECTS OF RELIEF—MONEY.—Replevin will not lie for the recovery of money unless it is specifically described and the plaintiff shows himself entitled to its possession as the specific money described.

10. PLEADING—PLEA IN ABATEMENT—SUFFICIENCY.—In an action for money had and received, a plea in abatement, based on pendency of an action to replevin the money, is insufficient, where the money is not specifically described and it is not alleged that such a claim is made to the money by plaintiff in the replevin suit as to entitle him to the possession of the specific currency, gold, and silver, as described.

11. PLEADING—GENERAL DENIAL—SUFFICIENCY.—A general denial is good as against a general demurrer.

12. APPEAL AND ERROR—HARMLESS ERROR—SUSTENTION OF DEMURRER. Any error in sustaining a demurrer to a general denial is good, where every issue raised by the general denial is either admitted by defendants in other pleadings filed or is supplied by the law.

13. SETOFF AND COUNTERCLAIM—SUBJECTS.—In a suit for money had and received as upon contract, defendants can, under Civil Code of 1901, paragraph 1364, plead, as a setoff or counterclaim, any debt

due from plaintiff to them founded upon a certain demand, or they can plead any unliquidated or uncertain claim for damages founded upon a tort or breach of covenant arising out of, or incident to, or connected with, plaintiff's cause of action.

14. PLEADING—SETOFF—LIABILITY FOR RENT.—There can be no liability for rent without privity of contract or estate, and hence a setoff or counterclaim based on rent claimed to be due is insufficient where it fails to allege such privity.

15. LANDLORD AND TENANT—RELATION DEFINED.—The relation of landlord and tenant is that which arises from a contract by which one person occupies the property of another with his permission, and in subordination to his rights, the occupant being known as the tenant and the person in subordination to whom he occupies as the landlord, it being essential to the relation that the occupancy be both permissive and subordinate.

16. SETOFF AND COUNTERCLAIM—SUBJECTS.—A claim for rent cannot be said to arise out of, or be incident to, or connected with, defendants' tortious appropriation of plaintiff's money in the building for which the rent is claimed, so as to sustain a setoff or counterclaim.

17. SETOFF AND COUNTERCLAIM—SUBJECTS.—A claim for trespass upon premises cannot be said to arise out of, or be incident to, or connected with, a conversion by defendants of plaintiff's money on such premises, so as to sustain a setoff or counterclaim.

18. PLEADING—ISSUES AND PROOF.—Evidence offered in support of pleadings which have been eliminated from the case is properly excluded as irrelevant.

19. JUDGMENT — DEFAULT—VACATION — JUDICIAL DISCRETION.—It was discretionary with the trial court to open plaintiff's default, entered for failure to answer defendant's counterclaim.

20. PLEADING—ANSWER—NECESSITY FOR REFILING.—Where an answer to a counterclaim remained on file, it served equally as an answer to the counterclaim refiled to an amended complaint.

21. APPEAL AND ERROR—HARMLESS ERROR.—Any error in rulings concerning a counterclaim was harmless to defendants, where it failed to state facts sufficient to constitute a counterclaim.

22. INTEREST—COSTS.—Under Civil Code of 1901, paragraph 2774, which provides that a judgment shall bear interest at the legal rate, unless based on a contract providing another rate, a judgment properly awards interest on the costs allowed, as well as upon the principal sum of the judgment.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Edward M. Doe, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Robert E. Morrison and Mr. E. S. Clark, for Appellants.

Messrs. Norris & Mitchell and Mr. Reese M. Ling, for Appellee.

CUNNINGHAM, J.—A judgment was rendered for the plaintiff and from which judgment and an order overruling defendants' motion for a new trial defendants appeal.

The plaintiff commenced this action August 1, 1910, by filing his complaint, in form, separately setting forth two causes of action, the first of which was for the sum of $1,024.15, money had and received as upon contract, the possession of which money defendants are charged to have acquired by a tortious entry of plaintiff's place of business, in the absence of plaintiff and seizing and taking the money. The second cause of action is founded upon the alleged tortious destruction of plaintiff's business, for which plaintiff claims damages in the sum of $500. Plaintiff also filed his affidavit in attachment claiming an indebtedness against the defendants in the sum of $1,024.15, money had and received by defendants on the ninth day of July, 1910. On September 6, 1910, the defendants filed their answer. On December 28, 1910, plaintiff filed an affidavit and applied for a writ of garnishment against the Bank of Arizona, alleging the same indebtedness due for money had and received in the same amount. On February 2, 1911, defendants moved to quash the attachment proceedings and dissolve the attachment for defects in the affidavits in not setting forth the statutory requirement justifying the issuance of such attachment and garnishment. On the eighth day of February, 1911, the plaintiff filed his amended complaint. The amendments to the original complaint consist of more specific allegations of indebtedness and the circumstances under which defendants obtained possession of the money claimed, and the second separately stated cause of action in the original complaint is wholly omitted in the amended complaint. No ruling was had on the motion to quash and dissolve the attachment, and on February 8, 1911, the plaintiff filed amended affidavits in attach-

ment and in garnishment containing the necessary and required allegations omitted from the original affidavits.

The appellants assign error upon the ruling of the court permitting the plaintiff to file amended affidavits in attachment and garnishment, and in refusing to dissolve the attachment and garnishment.

The purpose of attachment, including garnishment, is to hold the property of the defendant as security for the satisfaction of any judgment the plaintiff may recover against the defendant in a suit pending on a contract, express or implied, for the direct payment of money, made or payable in Arizona. Rev. Stats. (Civ. Code) Ariz. 1901, par. 332.

The attachment is liable to abate upon motion unless the bond and affidavit contain all essential matters required by the statute. Rev. Stats. Ariz. 1901, par. 339.

However, no writ of attachment shall be quashed, nor the property taken thereunder be restored, nor any garnishee discharged, nor any bond by him given canceled, on account of the insufficiency of the original affidavit, writ of attachment, or attachment bond, if the plaintiff, or some person for him, shall cause a legal and sufficient affidavit or attachment bond to be filed, or the writ to be amended, in such time and manner as the court may direct, and in that event the court shall proceed as if the proceedings had originally been sufficient. Rev. Stats. (Civ. Code) Ariz. 1901, par. 362.

The appellants complain that the amended complaint introduces into the case a new and different cause of action from that originally pleaded; that in the original complaint the alleged cause of action was founded on tort for conversion, whereas in the amended complaint the alleged cause of action is in contract. Appellants do not make their position entirely clear. If appellants intend to complain that in the original complaint the cause of action is founded upon tort, and in form sounds in tort, and on the other hand in the amended complaint the cause of action is founded in tort and in form sounds in contract, we could understand how appellants argue the question of election of remedies so vehemently. The cause of action set forth in the amended complaint is founded upon the identical tort—the conversion of the money tortiously acquired by defendants. The possession of the money is alleged to have been acquired by the appellants from the same

building, at the same time, and in the same manner, and in the same sums in both the original and in the amended complaints, and in both the plaintiff is alleged to be the owner of the money converted, and in both the same relief is prayed —the same remedy is pursued. We discover no grounds for election of remedies. If it is the contention of appellants to base their objections on the grounds that, by reason of the plaintiff having joined an action sounding in tort with an action sounding in contract (which was the case in the original complaint), the defendants are at liberty to elect to consider the whole complaint as a single action sounding in tort, because a separate cause of action separately stated therein sounds in tort, and when plaintiff has amended his action and eliminates from his complaint the separate cause of action sounding in tort, is the pursuing of a different remedy in the amended action from the remedy pursued in the original suit, and thus makes an occasion for an election of remedies, and that plaintiff has elected to pursue his remedy in tort before he pursues his remedy in contract, we can understand, but we cannot agree with their position. While the suit was standing upon the original complaint, the defendants may have caused the abatement of one of said causes of action upon a proper motion, but the necessity for such motion no longer existed when the offensive cause of action was eliminated. No merit appears in the appellants' contention. No departure has resulted by the amendment so made. Plaintiff elected to pursue his remedy for the tortious conversion of his money by his action for money had and received as upon a contract, and thereby waived his remedy for damages suffered by the tortious conversion, which he had the right to do, and by which the defendants are considered in law peculiarly favored.

The amended complaint having been filed before trial, no leave of court permitting the filing of such amended complaint under such circumstances was required; but plaintiff was required to serve appellants with a copy thereof (paragraph 1288, Rev. Stats. [Civ. Code] Ariz. 1901), and, as no objection is made upon that ground, we presume such service was duly made.

The authorities cited by appellants on this phase of the case have no application to the facts appearing in this case.

The defendants pleaded in abatement a replevin suit pending and undisposed of in the same court, alleging that the parties are the same, and by said action plaintiff is seeking to recover $665,. consisting of currency, gold, and silver, and that plaintiff therein alleges that defendants on the ninth day of July, 1910, wrongfully and unlawfully seized and secured possession of said money, and it is alleged that such money is a part and parcel of the money for which plaintiff sues in this action.

Defendants pleaded the same replevin suit in bar, setting up, substantially, the same facts as set forth in their plea in abatement, to both of which pleas plaintiff demurred, and the court sustained such demurrers. These rulings are assigned as error.

Another suit pending in the same or other court between the same parties involving the same subject of action, pursuing the same or a different remedy for relief, upon application made, cannot stand together. The suit first commenced, in point of time, controls, and, when the remedies are inconsistent, such prior suit is an election of remedy and prevails. A subsequently commenced action between the same parties, for the same cause of action, seeking a different relief, will abate even though the prior action has been dismissed, because the plaintiff elected his remedy and cannot have two remedies for the same wrong. If an action pursuing one remedy has been tried in court, he cannot prosecute another suit for the same cause of action, but for a different relief, because the facts constituting the cause of action have been adjudicated. *Moler* v. *Tuska,* 87 N. Y. 166; *Thompson* v. *Howard,* 31 Mich. 309; *Schoonmaker* v. *Kelley,* 42 Hun (N. Y.), 304; *Robb* v. *Vos,* 155 U. S. 13, 39 L. Ed. 52, 15 Sup. Ct. Rep. 4; *A. Klipstein & Co.* v. *Grant,* 141 Fed. 72, C. C. A. 511; and numerous others. But we think the above sufficient to illustrate the law on the subject.

Neither the plea in abatement nor the plea in bar allege the date of the commencement of the replevin suit. This action was numbered 5395, and the said pleas refer to the replevin suit as No. 5392. We cannot, nor could the trial court, judicially know that, by reason of the replevin suit having been given a lower number than this action was given, it was therefore the suit first commenced in that court. The trial

court had this suit under consideration, and not the replevin suit, and was justified in holding that this suit was properly before it, not subject, for the reasons shown, to abate or to be barred unless the pleadings show that the replevin suit was for the same cause of action, seeking a different relief and first commenced. Both pleas are bad when attacked by a demurrer, because, as a general rule, money is not repleviable property, and where such suit was commenced therefor its pendency or disposition adverse to plaintiff does not affect his right to pursue a valid remedy for its conversion. *Lovell* v. *Hammond Co.,* 66 Conn. 500, 34 Atl. 511.

Replevin will not lie for the recovery of money unless it is specifically described and the plaintiff shows himself entitled to its possession as the specific money described. *Sager* v. *Blain,* 44 N. Y. 445; *Graves* v. *Dudley,* 20 N. Y. 76; *Pilkington* v. *Trigg,* 28 Mo. 95.

The money is not so described, nor is it alleged that such a claim is made to the money by plaintiff in the replevin suit as to entitle him to the possession of the specific currency, gold and silver, as described. It is clear for these reasons that the court properly sustained the demurrers to the pleas in abatement and in bar. The cases cited by appellants are in no way in conflict with this view of the law. The case of *Wile* v. *Brownstein,* 35 Hun (N. Y.), 68, was a case to recover the value of personal property released from replevin, which was subject to the action with other repleviable property taken at the same time. The plaintiff had elected his remedy in replevin, and he was not allowed to abandon that remedy and pursue his other inconsistent remedy for the conversion of the goods released and recover their value. The same principle of law dominates *Bowker* v. *Cox,* 106 N. Y. 555, 13 N. E. 943.

The plaintiff filed a general demurrer to defendants' answer to the amended complaint. The court sustained the general demurrer, and the defendants assign such ruling as error, for the reason defendants' answer consisted of a number of pleas in abatement, pleas in bar, a general denial, a plea of setoff. An examination of the record discloses that the general denial was squarely attacked by the general demurrer. A general denial is good as against a general demurrer. If by sustaining this demurrer defendants have suffered substantial injury, this ruling is such error as will require a reversal of the judg-

ment and a new trial. If no substantial injury can result to defendants therefrom, then the judgment must stand. Par. 1293, Rev. Stats. (Civ. Code) Ariz., 1901.

On the trial of the cause, the defendants offered to sustain by proof all the matters and things set forth in their setoff and counterclaim, as a whole and in detail. One offer of such proof was limited by counsel to "everything set up by defendants in their pleas in abatement, pleas in bar, in their counterclaim, in their answer, and contained in all their pleas filed in this action by the defendants, save and except the general denial." Which offers were objected to and refused. Another previous offer included "all of the amended answers and other pleadings filed by the defendants in this action." This is the only offer disclosed by the record which could possibly be considered as an offer to sustain the general denial. The action is for money had and received. The facts and circumstances under which the possession of the money was obtained and its amount are not disputed in the evidence received nor in the pleadings of the defendants other than in their general denial. The law supplies the promise in such a case, and the defendants are not permitted to controvert the promise so supplied. Under such circumstances, the general denial raises no issue of fact for proof. Every issue raised by the general denial is either admitted by the defendants in other pleadings filed, or is supplied by the law, and no possible wrong could result to these defendants from the ruling made by the court and complained of by the defendants. The error is without injury to the defendants.

The court sustained plaintiff's demurrers to the defendants' setoff and to their counterclaim, and they assign error on this ruling.

The defendants in both their said pleadings claim ownership, title, and right to the possession of the houses occupied by the plaintiff as a saloon from the twenty-third day of January, 1907, by reason of such houses being situated on a mining claim at the time of its location on said date, as a part of said claim, and in the answer of setoff and in their counterclaim they allege: "That on or about the 25th day of November, 1907, the plaintiff . . . entered into the possession and occupancy of the buildings . . . and from said last-mentioned date down to and including the ninth day of July, 1910,

used and occupied the same and carried on a saloon business therein; and that the rent for said premises and for the use and occupation thereof during the time they were occupied by said Calvi . . . is and was the sum of $40 per month; and that said sum of $40 per month was a reasonable rental for such use and occupation by said Calvi of said buildings.'' Alleges frequent demands for payment of said rent and plaintiff's refusal to pay. Because of such refusal, on the ninth day of July, 1910, the defendants, being the owners of such buildings, entered in said buildings and took possession of all the personal property of said plaintiff therein situate, including the said sum of money mentioned and described in said amended complaint, for the purpose of enforcing and satisfying the landlord's lien granted them upon said personal property of said plaintiff including said money. The facts and circumstances, set forth by plaintiff as the means by which defendants came into possession of the money sued for, are identical with the facts and circumstances set forth in defendants' said answer of setoff and counterclaim by which they endeavor to excuse the seizure of the money. In each such pleading the defendants endeavor to justify their tortious taking of the money on the grounds that rent was due and they held a landlord's lien on the money as well as on the other personal property belonging to the plaintiff. No other allegation of the relation of landlord and tenant appears in either pleading than as above set forth. No other right of setoff or counterclaim is asserted by defendants than said claim for the rent due from the plaintiff.

The plaintiff having waived the tort and elected to sue for money had and received as upon contract, the defendants could plead as a setoff or a counterclaim any debt due from plaintiff to them founded upon a certain demand. Par. 1364, Rev. Stats. (Civ. Code) Ariz., 1901; *Norden* v. *Jones,* 33 Wis. 600, 14 Am. Rep. 782. And they may plead any unliquidated or uncertain claim for damages founded upon a tort or breach of covenant arising out of, or incident to, or connected with, the plaintiff's cause of action.

The plaintiff's cause of action is the conversion of the money tortiously taken by the defendants; the subject of the action is the money so converted. The appellants claim that their rent due is a definite, liquidated, and certain demand, and that this demand "arose out of the subject matter as set

forth in plaintiff's amended complaint." There can be no liability for rent without privity either of contract or estate. 24 Cyc. 1176.

· Defendants have alleged in their offset and in their counterclaim no privity of contract or of estate. · Their allegations in this connection are that plaintiff "entered into possession and occupancy of the buildings and so continued to use and occupy the same until the ninth of July, 1910," and other allegations assert defendants' ownership of the buildings from January 23, 1907, to the time of pleading, by reason of the buildings being situate on a mining claim acquired by conveyance from the locators. They further claim that plaintiff entered and began to occupy the buildings on November 25, 1907, after the claim of defendants and their predecessors attached to the mining claim. But no fact is alleged, either in the answer or in the counterclaim, showing the capacity in which the plaintiff entered into the possession of the buildings or the capacity in which he continued to use and occupy them —whether he entered, used, and occupied the property as a tenant or as a trespasser. The allegations of entry, use, and occupation of the property are not sufficient to create the relation of landlord and tenant. The relation of landlord and tenant is defined as that which arises from a contract by which one person occupies the property of another with his permission, and in subordination to his rights, the occupant being known as the tenant, and the person in subordination to whom he occupies as the landlord. It is essential to the relation that the occupancy be both permissive and subordinate, and liability as between landlord and tenant rests upon · privity, both of estate and of contract. 24 Cyc. 876–877.

The answer of setoff and the counterclaim are therefore subject to plaintiff's demurrer, unless the subject of the setoff or the subject of the counterclaim arose out of the transaction. Defendants' counterclaim and claim of setoff are for rent due for the buildings. We fail to see how rent for buildings could arise out of, or be incident to, or connected with, defendants' tortious appropriation of plaintiff's money.

The defendants' setoff and counterclaim allege a state of facts as would make the entry and occupation by plaintiff of defendants' property a trespass, for which defendants would have a cause of action for possession and damages, but not for rent. Neither would such claim for damages be a matter

of setoff or counterclaim in this suit for a certain demand, unless such cause of action arose out of, or is incident to, or is connected with, the plaintiff's claim, and here we again fail to see how a trespass by plaintiff, resulting in damages to defendants, can arise out of, or be incident to, or connected with, the conversion by defendants of plaintiff's money.

To permit the defendants to prove any payment, counterclaim, or setoff, the same shall be plainly and particularly described in the answer so as to give the plaintiff full notice thereof. Par. 1366, Rev. Stats. (Civ. Code) Ariz., 1901.

The defendants must set forth such a pleading as would state a good cause of action when attacked by a demurrer. This defendants have failed to do, and the ruling of the court was proper.

The defendants assign error on the rulings of the court in denying defendants' offer of evidence in support of their setoff and counterclaim, but as such pleadings had previously been eliminated from the case, for the purpose of the trial, thereafter such evidence was irrelevant.

The court entered the default of the plaintiff for his failure to answer defendants' counterclaim, and thereafter on motion opened the default and permitted plaintiff to file an answer. Thereafter plaintiff filed an amended complaint, to which defendants refiled their defenses, including their setoff and counterclaim, and moved for default at the proper time for plaintiff's failure to answer the counterclaim filed to the amended complaint—plaintiff's answer to the same counterclaim interposed to the original complaint remaining on file— to all which rulings the defendants assign error.

The court in opening the default acted clearly within its discretion. ''The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general rule that the doubt should be resolved in favor of the application.'' *Watson* v. *San Francisco & H. B. R. R. Co.*, 41 Cal. 17, reading page 20.

The original answer to the same counterclaim remained on file and served equally as 'an answer to the counterclaim refiled to the amended complaint. This counterclaim was answered, and because an amended complaint was filed and the counterclaim refiled, setting up no new matter, made it no

new counterclaim. Par. 1367, Rev. Stats. (Civ. Code) Ariz. 1901.

If we concede that abstract error was committed by the court in these rulings, no injury could result to defendants therefrom, for the reason such counterclaim failed to allege facts sufficient to assert a counterclaim to the cause of action asserted by the plaintiff, as we have just shown above. No judgment on the counterclaim as asserted could affect the claim of the plaintiff, in this action, and, for that reason, no injury could result to defendants from these rulings of the court.

The court rendered judgment for $1,024.15, the principal sum, with interest thereon at the legal rate from July 9, 1910, the sum of $57.68, with costs taxed at $61.65, and "together with interest on the total amount of said aggregate sum and costs at the rate of 6 per cent per annum from the date of this judgment" until paid.

The appellants claim the court erred in allowing interest on the costs in the case.

The costs payable at the date of rendition of the judgment for the debt became a judgment in favor of the winning party, and a judgment bears interest at the legal rate, unless upon a contract providing another rate as the basis of the judgment. Par. 2774, Rev. Stats. Ariz., 1901; *In re Kennedy*, 94 Cal. 22, 29 Pac. 412; *Palmer* v. *Glover*, 73 Ind. 529; *Linck* v. *Litchfield*, 31 Ill. App. 104; *State ex rel.* v. *Desha County*, 82 Ark. 360, 99 S. W. 1108.

No reversible error appears in the record. Therefore the judgment of the district court is affirmed.

FRANKLIN, C. J., and DUFFY, J., concur

N. B.—Judge ROSS being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the constitution, called in Hon. FRANK J. DUFFY, Judge of the superior court of the state of Arizona in and for the county of Santa Cruz, to sit with them in the hearing of this cause.

NOTE.—As to abatement of action by pendency of another in the same state, see note in 84 Am. Dec. 452.

As to when and against whom replevin is maintainable, see note in 80 Am. St. Rep. 741.