[Civil No. 1237.   Filed October 1, 1912.]

[127 Pac. 715.]

## GEORGE BEEBE, Appellant, v. THOMAS E. FARISH, Appellee.

1. JUDGMENT—OPENING DEFAULT—GROUNDS.—Where defendant, whose case had been at issue for four years, went to Mexico without notifying his attorney of his address, where, because of the prevailing insurrection, he was prevented from returning or communicating with his attorney, until a default judgment was taken against him, a refusal to open the default was not such an abuse of discretion as to warrant interference.

2. APPEAL AND ERROR—DISCRETION OF TRIAL COURT—OPENING DEFAULT. A motion to vacate a judgment is a matter for the discretion of the trial court, which will not be disturbed on appeal, except in a clear case of abuse.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Eugene S. Ives and Mr. S. L. Pattee, for Appellant.

Messrs. Kibbey, Bennett & Bennett, for Appellee.

ROSS, J.—This appeal came to this court from an order of the lower court, made after judgment, refusing to set aside and vacate the judgment upon application of appellant, who was defendant below. The case was originally commenced January 19, 1907. Personal service of summons was had on defendant March 13, 1907. Answer of defendant was filed and issues formed April 21, 1907. The case was continued from time to time, until on April 17, 1911, the first day of the regular April term, the court set it down for trial on April 25, 1911. The defendant was represented from the time of filing his answer until April 20, 1911, by the same attorney. On the last-mentioned date his attorney withdrew from the case. The defendant was not represented at the trial, which took place on April 25, 1911, and resulted in a judgment in favor of plaintiff.

The motion to vacate the judgment is based upon the following four grounds:

"(1) That defendant had no knowledge of the time said cause was set for trial, and was unable to be present at the trial of this cause and present his defense to this action by reason of inability to receive notice of the time of trial, and without his fault.

"(2) That defendant was prevented from learning the time this cause was set for trial, and was unable to be present at said trial, on account of circumstances beyond his control.

"(3) That this defendant has a just defense to the merits of this action, and was unable to present the same on account of inability to receive notice of the time of trial, and to attend such trial.

"(4) That defendant was unable to learn and had no knowledge of the time this cause was set for trial, and was unable to attend said trial for reasons stated in his affidavit hereto annexed."

This motion was supported by the affidavit of defendant and his attorney, who had withdrawn from the case on April

20, 1911. The attorney's reason for withdrawing was that he did not know where his client was and was unable to get word to him and have his presence at the trial. The affidavits and motion were filed on July 18, 1911. Briefly stated, the defendant made affidavit that his business affairs required his presence in Mexico, and that he left for that country the —— day of March, 1911; that because of the insurrection or revolution that was taking place in Mexico at that time he was unable to communicate with his attorney or return to the United States; that he knew nothing of the setting of his case until May 31st, and after it had been tried. At the setting of the case, no motion for continuance based on the absence of defendant or for any other reason was made, nor was any made prior to the date of trial, and five days prior to the day of trial his attorney withdrew from the case. The well-known ability of the defendant's attorney, as well as his scrupulous fidelity to his client's interests, satisfy us that his withdrawal may have been prompted by some fault or neglect of the defendant himself. Indeed, the attorney states that at the time of the setting of the case he was without information as to the whereabouts of his client. The lower court may have concluded that, if the defendant was interested in making a defense to the action, he would at least have notified his attorney of his intended absence. Granting that defendant's detention in Mexico was unavoidable, we think in the exercise of ordinary prudence he should have made some arrangements before going there, as to the setting and trial of his case, especially in view of the fact that it had been at issue some four years.

The question as to whether the judgment should be vacated and set aside was one addressed to the sound discretion of the trial court, and his familiarity with the record and the facts in connection with the long delay in bringing the case to trial, and the different continuances, no doubt entered into his consideration of the motion to vacate, and we do not feel that we should hold his action was an abuse of discretion. "A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case. And consequently will not be disturbed on appeal unless it is plain that its discretion has been abused."

23 Cyc. 895; *Copper King of Arizona* v. *Johnson,* 9 Ariz. 67, 76 Pac. 594.

The judgment of the lower court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.