[Civil No. 2049.  Filed March 14, 1923.]

[213 Pac. 389.]

# F. E. DALY, Appellant, v. FRANK OKAMURA and H. YAMAMOTO, Appellees.

1. JUDGMENT—DEFAULT JUDGMENT AGAINST JAPANESE PROPERLY VA-
   CATED ON SHOWING THAT DEFENDANTS AND THEIR ATTORNEY DID
   NOT UNDERSTAND EACH OTHER.—Default judgment on notes against
   Japanese defendants *held* properly set aside under Civil Code of
   1913, paragraph 600, on showing of meritorious defense and that
   defendants and their attorney did not understand each other; de-
   fendants having little knowledge of the English language and
   the laws.

2. APPEAL AND ERROR—JUDGMENT—SETTING ASIDE DEFAULT DISCRE-
   TIONARY AND NOT ORDINARILY REVERSED.—Setting aside default
   judgment for trial on merits is discretionary, and such a discre-
   tion will not be reversed on appeal except in case of abuse or
   arbitrariness.

APPEAL from an order of the Superior Court of
the County of Maricopa. R. C. Stanford, Judge.
Order setting aside judgment affirmed and cause
remanded for further proceedings.

Mr. C. H. Young and Mr. Weldon J. Bailey, for
Appellant.

Mr. H. A. Wardenburg, for Appellees.

ROSS, J.—This is a suit upon three promissory
notes for $600 each, dated November 1, 1919, and
due, respectively, November 1, 1920, February 1,
1921, and May 1, 1921. The defendants, Frank
Okamura and H. Yamamoto, were the makers and
one Peter Kortsen the payee of notes. The plaintiff,
F. E. Daly, alleges in his complaint that he is the
owner and holder of notes, for value. The com-
plaint was filed and summons issued November 21,

See 4 C. J., p. 840; 23 Cyc. 895, 934.

1921. Service of summons upon defendants was had in Maricopa county on November 22d. December 13th, the defendants failing to appear and answer, plaintiff applied to the clerk of the court to enter their default, which was done, and on the same day the court took evidence and formally entered judgment against the defendants for the full amount of plaintiff's demand. January 17, 1922, the defendants, through their attorney, made application to the court to vacate and set aside the default judgment. This application or motion was supported by the affidavit of such attorney, and was to the effect that in 1919 defendants had leased from Kortsen and one Laura Haigler 160 acres of farming land, and made and delivered to Kortsen the three notes sued on as part payment for the rental of the second year of such lease; that at the beginning of the second year of said lease defendants were notified and required by Haigler, who was the owner of the leased premises, to quit the same immediately, which they did; that Haigler, who had also been given notes for her part of the second year's rent, when defendants surrendered possession of the premises, canceled and returned to defendants her said notes; that the Haigler and Kortsen notes were in payment of rent for the second year of the lease; that the premises were surrendered by defendants upon the request of the lessors Haigler and Kortsen; and that the notes sued on were past due when assigned to plaintiff.

The reason given in affidavit for the failure to answer within the time allowed by law seems to have been the inability of the defendants and their attorney to understand each other, the defendants being Japanese with little knowledge of the English language or the laws of the country. Indeed, the attorney states in his affidavit that defendant Oka-

mura brought to his office a copy of complaint and summons on December 5, 1921, and stated, in answer to questions, that he owed the money and had no defense.

Upon this showing the court vacated and set aside the judgment and gave defendants ten days in which to file answer. The answer was duly filed, and in it, in elaboration of what was contained in affidavits, is set out the substance of the lease contract between defendants and Haigler and Kortsen; their coming together and settling their differences by the defendants surrendering possession of premises; the cancellation by Haigler of notes given to her for her part of the rent for the second year of lease; the neglect of Kortsen to cancel or return his notes; and an allegation of a total failure of consideration.

The plaintiff appeals from the order vacating the judgment, claiming the showing made was insufficient, and that the court abused its discretion in entering the order.

Paragraph 600, Civil Code of 1913, in addition to the usual grounds of mistake, inadvertence, surprise and excusable neglect, authorizes the court to modify or set aside its judgments, orders or proceedings, for good cause shown, at any time within six months after entry. If this statute limited the power of the court to vacate its judgments only upon a showing of mistake, inadvertence, surprise or excusable neglect, as those terms have been construed by the decisions, it is doubtful if the order setting aside judgment should have been granted. Upon the face of the showing, it is a plain case of neglect upon the part of defendants to take any steps to protect themselves by disclosing to counsel consulted the fact that notes had been issued for a consideration that had since totally failed. But, notwithstanding this neglect, which ordinarily would have been inexcusable,

we think the court very properly took into consideration, in passing upon the motion, the defendants' unfamiliarity with our laws and language. Indeed, the neglect under the circumstances might be more apparent than real, since it is possible defendants may have honestly believed themselves obligated to pay the notes to the assignee Daly, even though they had made arrangements with the payee, Kortsen, for their cancellation and return.

However that may be, the showing exhibited a meritorious defense—one, if true, that would certainly defeat a recovery. It goes further, and shows that a recovery would be an outrage on justice and right. The liberality of the statute, authorizing the court ''upon good cause shown'' to set aside its judgments upon the facts shown in the record was not violated, but, we think, respected and followed, in this instance.

By the action of the court the case stands for trial upon its merits, and this is as it should be, generally speaking. The courts uniformly exercise their discretion to that end, when it appears that to do otherwise injustice will result, and such a discretion will not be set aside on appeal except in case of abuse or arbitrariness. *Beebe* v. *Farish,* 14 Ariz. 231, 127 Pac. 715; *Dowdy* v. *Calvi,* 14 Ariz. 148, 125 Pac. 873.

In the latter case we said:

''The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application.''

The order setting aside judgment is affirmed and the cause is remanded for further proceedings.

McALISTER, C. J., and LYMAN, J., concur.