[Civ. No. 5401. First Appellate District, Division One.—March 5, 1928.]

R. F. WILLIAMS, Respondent, v. H. S. McQUEEN, Appellant.

Ernest N. Clark and George G. Graham for Appellant.

James W. Campbell for Respondent.

TYLER, P. J.—This appeal is prosecuted on account of alleged error by the court in refusing to set aside a default judgment. The record shows that on May 6, 1925, plaintiff filed a verified complaint praying for damages against defendant on account of injury sustained in an automobile collision. Summons was served on defendant within the county on the eleventh day of May, 1925. His default was entered May 25, 1925, and judgment was entered thereon on May 27th following. The next day defendant gave notice of motion to set aside and vacate the default judgment with permission to file an answer, and also certain affidavits which were to be used at the hearing of the motion. On the nineteenth day of June, 1925, the court denied the motion and refused to set aside the judgment. On the sixth day of July, 1925, defendant appealed from said action of the court. ■ It is claimed that the court abused its discretion in denying the motion. The affidavit of defendant in support thereof recited in substance that prior to the filing of the complaint affiant consulted E. N. Clark, an attorney at law, with reference to the accident, and of his rights and duties in the event of a suit, and at that time he employed Clark to defend him in any action that might be brought. That thereafter affiant was served with a complaint and summons and he immediately thereafter delivered the same to one Penn Cummings, an attorney at law, who was representing him in other matters, and requested and instructed Mr. Cummings to deliver the papers to E. N. Clark, the attorney he had employed to handle said matter for him, and further requested that Clark be instructed to do all things necessary and proper to protect the rights of affiant. Penn Cummings in a similar affidavit recited that

he had received the process in the action from defendant, as alleged by him, and that he visited the office of Clark and in conformity with defendant's instructions delivered the papers to one Helen Johnston, a clerk and stenographer in Clark's office, Clark being absent, with instructions to deliver the same to her employer immediately upon his return. At the same time affiant indorsed on said papers a notation that the answer was due May 21, 1925. Helen Johnston made affidavit to the effect that she was a clerk and stenographer for Clark and that she had received the complaint and summons from Cummings with instructions to deliver the same to Clark. That through inadvertence and mistake affiant neglected to deliver the paper to Clark until May 27, 1925, and that she likewise forgot to inform Clark that she had received the same, or that an answer was due May 21, 1925, a fact she was familiar with by reason of the notation made on the papers by Cummings. The affidavit of Clark, attorney for defendant, showed that he had been employed by defendant in the event of suit and that he had no knowledge of the action until the complaint was delivered to him on May 27, 1925, by Helen Johnston, who was at that time his stenographer and filing clerk. That immediately thereafter affiant called on plaintiff's attorney and asked for permission to file an answer, which request was refused on the ground that plaintiff had already filed his judgment. That affiant was prepared to answer, and would have done so in proper time had he known of the action before the judgment was entered. Defendant filed an answer denying the allegations of plaintiff's complaint and alleged by way of cross-complaint that plaintiff had negligently operated his automobile to the damage of defendant in the sum of $84.99. The answer shows that defendant had a meritorious defense, which is equivalent to an affidavit of merits. ▮ The provision of the code permitting the setting aside of judgments taken against one where there has been excusable neglect should be liberally construed with a view to effect its objects and promote justice pursuant to the general code provision governing the construction of the codes as a whole. It is remedial in character and should be so applied as to dispose of cases upon their substantial merits and to give to the party claiming in good faith to have a substantial

defense to the action, an opportunity to present it. Courts therefore should be liberal in relieving parties of defaults caused by inadvertence and excusable neglect. This does not mean, however, that relief should be given to one who wilfully slumbers on his rights and makes no effort to protect himself, and courts should not listen to flimsy excuses and the claim of ignorance of the law. Here, however, defendant did everything that was in his power in the premises. He anticipated that an action might be brought against him by reason of the accident, and he procured the services of an attorney to act for him in the event of such a suit. When served with summons and complaint he immediately caused the same to be delivered to his attorney. Nor can the attorney so employed be said to be directly guilty of any neglect. He was not informed of the existence of the action nor of the fact that the papers had been left in his office, until after the default was entered. The very next day after the entry of the judgment he took steps to be relieved therefrom. While a motion to open a default is addressed largely to the discretion of the court, all doubts should be resolved in favor of the application; and where, as here, the circumstances show that a defendant has done everything in his power in the premises, and there has been no inexcusable neglect on his part or that of his attorney, the judgment should be vacated. No counter-affidavits were filed by plaintiff and it is not contended that the showing made by defendant did not present the true situation. Under all these circumstances we are of the opinion that the court abused its discretion in not relieving defendant from his default. It follows that the order of the court refusing to set aside the default of defendant and to vacate the judgment rendered thereon should be and it is hereby set aside.

Parker, J., *pro tem.*, and Knight, J., concurred.