UNITED STATES, for Use of KANTOR BROS., Inc., v. MUTUAL CONST. CORPORATION et al.

Civ. A. No. 2336.

District Court, E. D. Pennsylvania.

Jan. 11, 1943.

Charles J. Green, of Philadelphia, Pa., and Louis H. Hollander, of Newark, N. J., for plaintiff.

Jenkins, Bennett & Libby and Bertram Bennett, all of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The defendant, George Glickfeld Plumbing Co., Inc., was served with a summons and complaint at its principal office in Newark, New Jersey, and the papers were delivered to one Irving B. Glickfeld, Esq., its attorney, of New York City, who is the son of the president of the George Glickfeld Plumbing Co., Inc. The said Irving B. Glickfeld was at the time a Special Assistant to the Attorney General of the United States, and as such was engaged in the prosecution of the case of United States v. American Optical Company et al., D.C., 2 F. R. D. 534, in the Southern District of New York, and by reason thereof he devoted his full time to the prosecution of the same and was unable to give his attention to the instant case as well as inadvertently omitted to obtain counsel in Philadelphia to prepare and file an answer to the complaint, all of which is set forth in an affidavit filed by him. As a result of its failure to file an answer to the plaintiff's bill of complaint filed January 9, 1942, the plaintiff entered judgment by default on March 9, 1942 and on the 20th day of May, 1942 the defendant, George Glickfeld Plumbing Co., Inc., filed its motion to open the judgment, and for leave to file an answer, counterclaim and cross-claim, alleging as reason therefor the negligence of its counsel occasioned by his engagement in the case above referred to. The defendant in its petition alleges that it has a meritorious and complete defense to the complaint filed against it, as well as a counterclaim against the plaintiff and a cross-claim against Mutual Construction Corporation and the Hartford Accident & Indemnity Co.

Rule 60(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows: "(b) *Mistake; Inadvertence; Surprise; Excusable Neglect.* On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. * * *"

The rule here in question is modeled from the California Code, which has a similar provision, and the Supreme Court of California has several times had oc-

casion to construe Section 473 of the Code of Civil Procedure which is analogous to the instant rule here in question and in Williams v. McQueen, 89 Cal.App. 659, 265 P. 339, 340, it is stated as follows: "The provisions of the Code permitting the setting aside of judgments taken against one where there has been excusable neglect should be liberally construed with a view to effect its objects and promote justice pursuant to the general Code provision * * *. It is remedial in character and should be so applied as to dispose of cases upon their substantial merits and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present i . Courts therefore should be liberal in relieving parties of defaults caused by inadvertence and excusable neglec:. * * *"

As I view the rule all that is required to be shown is that the fault was exc isable and that there is merit in the petitioner's appeal to the court for judicial relief. This is established by the moving papers and since the default was not wilful but the result I feel of excusable neglect on the part of defendant's counsel in New York, opportunity should be afforded defendant to put in its defense.

Motion granted.