169 P.2d 855

BROWN v. BECK.

No. 4860.

Supreme Court of Arizona.

June 3, 1946.

300

Hill, Robert & Hill, of Phoenix, for appellant.

Baker & Whitney, of Phoenix, for appellee.

STANFORD, Chief Justice.

For the purpose of this appeal we will style the appellant, the defendant, and the appellee, the plaintiff, as they appeared in the superior court.

The issue to be determined in the case is did the trial court abuse its discretion in denying a motion to set aside default taken in this case?

Complaint was filed July 12, 1945, and through a private process server, defendant was served according to the return on July 12, 1945 at 7:52 p. m. The affidavit of service was filed with the clerk of the superior court July 14, 1945. Service was made in Maricopa County where the suit was brought and under our law the defendant had twenty days in which to answer. Twenty-one days after service of process plaintiff took default against defendant, and on the same date default judgment was rendered against defendant for the sum of $6,050 plus $21.80 as costs. On August 4, 1945, being but two days after judgment, defendant filed his answer to the complaint, the same having been drawn by the defendant and signed by him, said answer having been sent from Clifton, Arizona, being in the eastern part of the state, by a friend of defendant's.

On August 8, 1945, defendant, through his attorneys, filed his verified motion to vacate the judgment and to set aside default. On said motion hearing was had and testimony taken on August 14, 1945, and on August 16, 1945, the trial court entered its order denying defendant's motion. Testimony in the case showed that defendant lived at Clifton, Arizona, where he had a drug store, and he had other places of business in Parker and Phoenix.

The testimony of the defendant shows that he was in Phoenix about nine or ten days during the month of July, 1945; that he was in Parker two days and the rest of the time in Clifton. The distance from Phoenix to Clifton is approximately 225 miles and the distance from Phoenix to

Parker is approximately 164 miles. Defendant testified that he left Phoenix to return to Clifton after having been in Phoenix on the 18th day of July; that he was served with process at his place of business in Phoenix at about 6:30 on the 18th day of July; that he left for Clifton about 2:30 or 3:30 on the morning of July 19th.

Defendant has but the following single proposition of law in reference to his assignment of error:

"Where a litigant timely applies for relief from a default judgment taken against him because of his mistake, inadvertence, surprise or excusable neglect, it is the duty of the court to resolve all doubts in favor of such litigant and to exercise its judicial discretion in a manner not to impede or defeat the ends of substantial justice but in a reasonable degree to bring about a judgment upon the merits."

Our Section 21-1502, A.C.A.1939, is:

"Mistake—Inadvertence—Surprise—Excusable neglect.—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one (1) year a judgment obtained against a defendant not actually personally notified."

In our recent case of Postal Benefit Insurance Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173, 178, we said:

"It is the law that this statute vests in the trial court the discretionary power to determine whether or not the party may be relieved from such a judgment."

Later on in the case we said:

"The real question here is, did the court abuse its discretion in denying defendant's application to set aside the judgment on the ground of its mistake, inadvertence, surprise, or excusable neglect? * * *"

Our Section 21-1502, supra, or our Rule 60(b), was taken from California, and to aid in establishing that fact and for showing the need of a liberal construction of the rule, we quote from the case of United States v. Mutual Construction Corp., D.C., 3 F.R.D. 227, as follows:

"Rule 60(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows: '(b) Mistake; Inadvertence; Surprise; Excusable Neglect. On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excus-

able neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken. * * *.' "

Then it gives verbatim the same as our Rule 60(b). We further quote:

"The rule here in question is modeled from the California Code, which has a similar provision, and the Supreme Court of California has several times had occasion to construe Section 473 of the Code of Civil Procedure which is analogous to the instant rule here in question and in Williams v. McQueen, 89 Cal.App. 659, 265 P. 339, 340, it is stated as follows: 'The provisions of the Code permitting the setting aside of judgments taken against one where there has been excusable neglect should be liberally construed with a view to effect its objects and promote justice pursuant to the general Code provision * * *. It is remedial in character and should be so applied as to dispose of cases upon their substantial merits and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. Courts therefore should be liberal in relieving parties of defaults caused by inadvertence and excusable neglect * * *.' "

From our case of Daly v. Okamura, 25 Ariz. 50, 213 P. 389, 390, we quote:

"* * * The liberality of the statute authorizing the court 'upon good cause shown' to set aside its judgments upon the facts shown in the record was not violated,

but, we think, respected and followed, in this instance.

"By the action of the court the case stands for trial upon its merits, and this is as it should be, generally speaking. The courts uniformly exercise their discretion to that end, when it appears that to do otherwise injustice will result, and such a discretion will not be set aside on appeal except in case of abuse or arbitrariness. Beebe v. Farish, 14 Ariz. 231, 127 P. 715; Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873.

"In the latter case we said:

" 'The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application.' "

In this court's case of Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873, 878, where the trial court had set aside a default and allowed the issues in the case to be heard, in affirming the trial court we adopted the ruling of California again by saying:

" 'The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general rule, that the doubt

should be resolved in favor of the application.' Watson v. San Francisco & H. B. R. Co., 41 Cal. 17, reading page 20."

The Supreme Court of California in the case of Brasher v. White, 53 Cal. App. 545, 200 P. 657, 661, where the facts were that defendant was served August 7, 1920, and took his papers to his attorney and mistakenly informed him that the summons had been served on the 17th day of August, 1920, in reversing the judgment of the trial court, where the latter had refused to grant a motion to set aside default, said:

"From the very earliest history of the jurisprudence of California to the present time it has been held that the power vested by section 473 in the nisi prius courts should be freely and liberally exercised by said courts to the end that they might 'mold and direct its proceedings, so as to dispose of cases upon their substantial merits, and without unreasonable delay, regarding mere technicalities and obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial right.' "

But did the trial court abuse its discretion? Restating the facts, service of process was made in Maricopa County where suit was filed on July 12, 1945. Defendant had twenty days in which to answer. On August 2nd, twenty-one days after service of summons and complaint, default was taken and on the same date judgment on default was rendered. On August 4, the second day after default and judgment, defendant sent a general denial of the complaint to the clerk of the court, the same being sent from Clifton, Arizona, and on August 8th through Phoenix attorneys, he filed a motion to vacate the judgment and quash the execution which had been issued on his property.

The words "abuse of discretion" as used in many cases in reference to the action of a trial court is defined as, in the case of Detroit Fidelity & Surety Co. v. Foster, 170 S.C. 121, 169 S.E. 871, "The term 'abuse of discretion' does not mean any reflection upon the presiding judge and does not carry with it an implication of conduct deserving censure, but is strictly a legal term indicating that the appellate court is of the opinion that under the circumstances the trial judge committed error of law in the exercise of his discretion." 1 Words and Phrases, Perm.Ed., 182.

There are many definitions of those words, but the one used herein we believe is applicable in this case.

In addition to the foregoing restatement of facts a writ of execution was issued by the clerk of the superior court and delivered to the sheriff of Maricopa County, and by reason thereof the sheriff seized certain property of defendant and threatened to sell the same according to the records herein; that the defendant deposited with the clerk of the superior court

304

the sum of $7,000, the amount fixed by the trial court as the supersedeas bond. This statement is made to show the need of careful discretion on the part of trial courts in ruling on the matter of applications for relief from default.

The plaintiff in his reply brief stated "the writer of this brief has examined every case decided in the Federal Courts that he could find indexed under such Rule, and has found no cases where the Federal Courts would recognize the theory upon which the appellant would have this Court reverse this case.".

Our Rule 60(b) is the same as the federal rule as stated heretofore. The fact that no federal case has ruled on this subject is no reason why this court shouldn't rule on it. Also the right of appeal to this court is given to the defendant.

Plaintiff quotes from the case of Michener v. Standard Acc. Ins. Co., 46 Ariz. 66, 47 P.2d 438, 439, the facts being that complaint was filed in Navajo County, Arizona, on the 5th day of June, 1931, and service was had in Maricopa County on the June 8th, the complaint being against a corporation. Service was had in this instance on Amos A. Betts, chairman of the Arizona Corporation Commission in Maricopa County on June 8th and was immediately transmitted by the Corporation Commission by mail to Detroit, Michigan, the defendant being a non-resident company. Defendant immediately mailed summons and complaint to its attorneys in Phoenix, the receipt of same being June 22nd. Attorneys for defendant filed an answer on July 6th with the clerk of the court in Navajo County.

Attorneys for plaintiff believing that there was allowed defendant but twenty days time in which to answer, did on June 30th, being before the answer was filed, took default against defendant for failure to answer.

The facts in this case are not at all similar to the one at bar, but from the court's opinion we quote:

"* * * (c) that in any event upon the filing of an affidavit showing excusable neglect for failing to answer within the time required, and a meritorious defense, it was discretionary with the trial court as to whether the default should be set aside, and that this discretion will not be reviewed by this court except for an abuse thereof.

"We think it unnecessary to consider anything but defendant's contention (c), as we are satisfied that the judgment should be affirmed for the reasons set forth therein. This court has held repeatedly that in order that a default may be set aside it is necessary for the party in default to show: 1. that his failure to answer within the time required by law was excusable neglect, and 2. that he had a defense on the merits. We have further held that whether the neglect alleged was

excusable, and whether there was a defense on the merits were questions for the sound legal discretion of the trial court, and that its action would be reviewed by us only for an abuse of such discretion. Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248, and cases cited therein,"

It is the contention of the plaintiff that:

"Because of the similarity of the new Rule and the older statute, it is apparent that the Rule was not intended to expand the issues which might have been properly urged under the Arizona statute which was superseded by this rule.

"It must have been regarded by the rule makers of sufficient importance to warrant the preservation of the power in the court to use its discretion, when the case required, in the same manner as before."

Plaintiff quotes from and cites the case of Fleming v. Miller, D.C., 47 F.Supp. 1004; Safeway Stores v. Coe, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782. We do not read these cases as being against the defendant.

From plaintiff's case of Hill v. Hawes, 76 U.S.App.D.C. 308, 132 F.2d 569, 571, we quote:

"So far as 60(b) is concerned, there was no motion before the trial court to relieve *a party or his legal representative* from a judgment taken against him through *his* mistake, inadvertence, surprise or excusable neglect."

In the instant case defendant's mistake was set forth in his motion to vacate judgment, the motion, in part, being:

"That the affidavit of the process server, one Hawkins, states that a copy of the complaint and summons was served upon the defendant on the 12th day of July, 1945, at the hour of 7:52 P. M. by leaving a copy of the complaint and summons with the defendant; that said affidavit is false and in truth and in fact the copy of the complaint and summons was not served upon the defendant until on the 18th day of July, 1945 * * *."

But in the opening brief of the defendant wherein he recites step by step taken when service was made upon him and then recited the fact that testimony was taken and that the testimony of plaintiff was pitted against that of defendant, then the defendant's brief further states:

"On the basis of this conflict in the evidence, it is inescapable that if the defendant was actually served on July 12, 1945, as the plaintiff contended, and as the court decided; then the defendant was laboring under the mistaken belief that he was served on July 18, 1945."

This court has several times spoken on this subject. In our case of Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30, 32, we said:

"* * * But even assuming that the general rule is that a defense of this nature should be specifically pleaded, this court in

306

the very recent case of Munger v. Boardman [53 Ariz. 271], 88 P.2d 536, decided March 27, 1939, but not yet reported (in State report), has held, in effect, that wherever there is any evidence appearing in the record upon which the special defense of estoppel might have been predicated and urged at the trial, this court may itself raise, consider and apply such defense, notwithstanding that it had neither been pleaded nor urged as an issue by either party in the lower court. If this be true, much more does it follow that a defense which appears in the evidence and has been urged in the trial court is permissible, even though it may not have been pleaded. Is there evidence which would sustain such an issue?"

Black's Law Dictionary defines "mistake" as follows:

"Some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence. Code Ga, Par. 3117 (Civ.Code 1910, Par. 4570); 1 Story, Eq.Jur.Par. 110.

"A mistake exists when a person, under some erroneous conviction of law or fact, does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted. Jeremy, Eq.Jur. 358. It may arise either from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidence. Bisph.Eq. Par. 185."

Under the criminal law of our state, every reasonable doubt is given a defendant every bit of the way. There is no such thing as taking a default against a defendant on trial for his liberty. To take a man's property, as in the instant case, is in a degree equivalent to taking his liberty, providing he shows in his motion for a right to open the case and set aside default, that he has a meritorious defense, and that, we believe, from reading the answer of defendant filed herein. The time was so near at hand after default that in the march of progress in modern jurisprudence it appears to us as though in view of the showing made this is a case where we cannot find that this defendant should have his property taken without a trial of the case on its merits.

It is our belief that the mistake made by the defendant in this case is one from which he should be relieved under the broad statute which we have; that a meritorious defense has been offered by defendant and that the case should go to trial on its merits; that the length of time that lasped between default and the time when this defendant filed his motion to vacate the default was comparatively short and the taking of property of the defendant under this action without the case has been heard on its merits is what our law intended to prohibit.

It is our opinion that the application was made timely, and considering the foregoing facts together with the distance between the defendant's places of business within the state and the fact that the testimony

showed that he traveled most of the night after being served with process and that property of considerable amount is involved, the controversy about mistake in dates should be resolved in favor of defendant.

Judgment reversed and cause remanded for futher proceedings in accordance with this opinion.

LA PRADE and MORGAN, JJ., concur.