187 P.2d 322

**RAWLINS v. WILSON.**

No. 4958.

Supreme Court of Arizona.

Dec. 1, 1947.

H. K. Mangum and T. M. Flick, both of Flagstaff, for appellant.

Urban R. Miller, of Williams, for appellee.

UDALL, Justice.

The sole question to be determined on this appeal is, did the trial court abuse its judicial discretion in denying a motion to set aside a default judgment theretofore entered in the case?

Plaintiff filed suit against defendant on June 14, 1946, seeking to recover a judgment for money plaintiff had been required to pay on a promissory note, dated September 29, 1945, for $750 executed by plaintiff and defendant to the Bank of Arizona at Williams. Plaintiff alleged that he was a mere accommodation signer on said note and that he was now subrogated to the rights of the original payee. The defend-

ant though personally served on June 14 with a summons and copy of the complaint failed to answer, and on July 31, judgment was regularly entered against him for the sum of $900.34, which included principal, interest, attorney's fees and costs. Thereafter on August 28, defendant filed a motion to set aside this default judgment and after a hearing had, order was entered on October 30, 1946, denying said motion, whereupon an appeal was taken from said judgment and order.

Sec. 21-1502, A.C.A. 1939, provides as follows:

"Mistake — Inadvertence — Surprise — Excusable neglect.—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one (1) year a judgment obtained against a defendant not actually personally notified."

This statute is a duplicate of Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, from whence it was taken, and a California statute, in turn, served as a model for this Federal Rule. Ledwith v. Storkan, D. C. 2 F.R.D. 539; Wallace v. United States, D. C. 2 F.R.D. 173; United States v. Mutual Const. Co., D. C. 3 F.R.D. 227. This rule should be broadly interpreted, liberally construed, and each case under it must be determined upon its own facts. Professor Moore in his work on Federal Practice states:

"It has been repeatedly held by the California courts—and the nature of the rule so indicates—that the granting or denial of relief rests in the trial court's discretion, that no arbitrary rules can be laid down, that each fact situation must be treated on its own merits. Moreover, it is evident that the grounds listed for relief are by no means mutually exclusive nor fully descriptive of all situations meriting relief under the rule.

\* \* \* \* \* \*

"To summarize the result of the California decisions: Principles upon which the courts have acted cannot be stated in the abstract. Cases sometimes conflict but this is more superficial than real. This conflict is largely resolved, if it is borne in mind that a party should be given a reasonable opportunity to litigate his claim or defense on the merits; \* \* \* Thus the California court has stated: 'An application to be relieved from a default, under section 473 of the Code of Civil Procedure, is ad-

dressed to the sound discretion of the trial court; and the action of that court will not be set aside on appeal, unless an abuse of discretion clearly appears. *Any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. The appellate court will therefore be less inclined to reverse an order granting, than one refusing, an application to open a default. Indeed, the cases in which this court has held that such relief was improperly granted are very rare; while in a number of instances an order refusing to open the default has been reversed.'"* 3 Moore's Federal Practice, Sec. 60.05. (Emphasis supplied.)

See also Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873. As a further guide it must be remembered that where as here, the court is faced with an affidavit that is uncontroverted, uncontradicted, and unimpeached it must be accepted as true. 34 C.J., Judgments, § 573; 49 C.J.S., Judgments, § 297. The question to be decided then is simply this: Do the motion and affidavit, construed liberally in favor of the defendant-affiant, show grounds for relief under Sec. 21-1502? We believe that they do, though neither are artfully drawn. Set forth therein is found: (1) The fact that the plaintiff in talking over the suit with defendant told him that the suit was needless, that he and defendant would get together and settle their differences, and that he would instruct his attorney to dismiss the suit. (2) Defendant relied upon this expression, and reasonably so, as he and plaintiff had been closely associated together in business for some time. (3) Plaintiff and defendant were partners, and the obligation here in question was a partnership obligation making the only proper action for plaintiff to bring, an action in accounting. (4) Defendant had reason to believe plaintiff had secured partnership assets and concealed them to defendant's damage.

Though we are well aware of the presumption in favor of the validity of the findings of the trial court, we believe defendant's affidavit fulfills the requirements of showing both surprise, Brown v. Beck, 64 Ariz. 299, 169 P.2d 855, and the existence of a meritorious defense, Security Trust & Savings Bank v. Moseley, 27 Ariz. 562, 234 P. 828; Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248; Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544, which necessitates setting aside the default judgment and permitting the defendant to answer in order that a trial may be had upon the merits.

Judgment vacated and cause remanded for further proceedings in accordance with this opinion.

STANFORD, C. J., and La PRADE, J., concur.