**MANOS v. FICKENSCHER.**

No. 706.

Municipal Court of Appeals for the
District of Columbia.

Dec. 10, 1948.

Claude L. Dawson, of Washington, D. C., for appellant.

John M. Webster, of Washington, D. C. (John W. Brennan, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee brought an action to recover from appellant $847 alleged due for music lessons given by appellee to two children of appellant up to and including June 11, 1945. Action was filed and summons issued on June 9, 1948. The summons was returnable June 29 and was served on June 24.[1] Appellant made no appearance on the return day and on that day notation of default was entered and the case continued to July 12 for the taking of ex parte proof.

On July 12 appellant filed a motion to set aside entry of default and require appellee to furnish a bill of particulars showing time and place of each lesson and amount charged therefor. He supported his motion by an affidavit stating that when served with the summons he was under the belief the return day was July 29, instead of June 29, and did not consult counsel until July 7; that the statute of limitations was a defense to all or part of the claim; that without a bill of particulars he was unable to say what part, if any, of the claim he owed; and that in any event he did not owe the full amount claimed.

The trial court denied appellant's motion and thereafter appellee on ex parte proof obtained judgment for the full amount claimed.

Appellant contends that denial of his motion was an abuse of discretion. It is, of course, well settled that allowance or refusal of a motion to set aside a default is within the discretion of the trial court, but it is equally well settled that exercise of such discretion implies conscientious judgment which takes into account the law and the particular circumstances of the case. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. In passing on a motion to relieve from default a court must weigh competing considerations. On the one hand, it is important that cases be decided on their merits, and, on the other hand, it is important that litigation be concluded finally and with reasonable dispatch. Lewellyn v. Follansbee, 94 N.H. 111, 47 A.2d 572. Otherwise stated, the court must at the same time recognize that the objective of legal procedure is the determination of the issues upon their merits, and also that litigants should not be allowed to disregard with impunity the process of the court. Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539.

Rule 50(d) of the trial court, based on F.R.C.P. 55(c), provides that for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside, both in accordance with Rule 53. The trial court's rule 53(b), based on F.R.C.P. 60(b), in part provides that on motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. F.R.C.P. 60(b) is in turn based on section 473 of the California Code of Civil Procedure, and the Federal courts have held that construction of this rule should be in accordance with California practice. Fiske v. Buder, 8 Cir., 125 F.2d 841; United States, for Use of Kantor Bros. v. Mutual Const. Corp., D.C., E.D. Pa., 3 F.R.D. 227. See also Rawlins v. Wilson, 66 Ariz. 267, 187 P.2d 322. The California courts hold that the rule is re-

---

[1] Unlike the practice under the Federal Rules of Civil Procedure, 28 U.S. C.A., summons in the Municipal Court is returnable on the twentieth day after issuance.

medial and should be liberally construed (Potts v. Whitson, 52 Cal.App.2d 199, 125 P.2d 947.), and that any doubt that may exist should be resolved in favor of the motion, to the end of securing a trial on the merits. Jergins v. Schenck, 162 Cal. 747, 124 P. 426; Williams v. McQueen, 89 Cal.App. 659, 265 P. 339. In the absence of a showing to the contrary, it will be assumed that plaintiff is able to prove his case at any time, and the policy of the courts is to give defendant an opportunity to present his case. Hughes Mfg. & Lumber Co. v. Elliott, 167 Cal. 494, 140 P. 17. We find no radical difference between the California practice and the practice in other jurisdictions, including this one. Courts are prone to adopt a liberal attitude in dealing with default judgments. Liberty Nat. Bank & Trust Co. v. Kummert, 305 Ky. 769, 205 S.W.2d 342. It is the policy of the law to have every case tried on its merits. Patterson v. Patterson, Mont., 179 P.2d 536. When satisfied of the good faith of the applicant moving to set aside a default, the court should be liberal in its consideration of the application. Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134.

■ These general rules are mere guides and each case must be decided on its own particular circumstances. Guided by those rules we find the following considerations existing in favor of appellant. There is nothing in the record indicating lack of good faith on his part and certainly there is no showing of a willful disregard or contempt of the process of the court. The fact that he was served only five days before the return day gives some basis to his claim that he was not aware of his default until after it had occurred. He acted with reasonable diligence after realization of his default; he was in court in less than twenty days after he was served. He made a prima facie showing of the defense of the statute of limitations to at

least a part of the claim; and such defense is meritorious. Guaranty Trust Co. of New York v. United States, 304 U. S. 126, 58 S.Ct. 785, 82 L.Ed 1224. When his motion was filed, entry of default only had been made; there was then no judgment against him and appellee had yet to offer proof of her claim. No rights of others had intervened and there is no showing that granting of the motion would have worked to the prejudice of appellee. Presumably she could prove her claim at trial as well as on ex parte hearing. She was hardly in a position to object to a slight delay when she had waited almost three years before bringing her suit.

■ Opposed to the foregoing considerations is the fact that appellant was negligent in not reading the summons more carefully. Process of the court requires and demands respect. Appellant ought to have given more care to the summons, noted the return day and arranged for his appearance in court in proper time. We have said before and we repeat that this court will not condone either willful or negligent disregard of court process, rules or orders. Cf. Barnes v. Conner, D.C.Mun. App., 44 A.2d 925. And very recently we expressed our reluctance to overrule the decision of a trial court resting in the field of discretion. Etty v. Middelton, D.C. Mun.App., 62 A.2d 371. Nevertheless we are convinced that the considerations favoring setting aside the default in this case so far outweigh those opposing it as to require a reversal of the judgment. "Since courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order." Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 P.2d 1038, 1040.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.