230 P.2d 522

**ROGERS v. TAPO.**

No. 5311.

Supreme Court of Arizona.

April 23, 1951.

Phil J. Munch, of Phoenix, for appellant.

Leonard S. Sharman, of Phoenix, for appellee.

UDALL, Chief Justice.

The basic issue for determination on this appeal is whether the trial court properly granted a motion to set aside a default judgment theretofore entered against defendant-appellee Nick Tapo.

The procedural snarl which we are called upon to unravel in order to answer this question arose in the following manner: Plaintiff-appellant Eva Rogers purportedly suffered serious personal injuries when a neon sign fell on her while a business visitor in the restaurant of defendant Tapo. The sign had been originally furnished and installed in the restaurant by Arden Farms Co., an Arizona corporation, a co-defendant. Plaintiff filed her complaint for relief against these two defendants jointly, alleging negligence on their part and praying for $50,000 in damages. Personal service was had on each of the parties. The corporate defendant through its counsel timely answered denying liability, and the record before us does not disclose whether the case against Arden Farms Co. was ever brought to trial. In any event it is not a party to this appeal.

Defendant Tapo filed no answer within the twenty days allowed under section 21–428, A.C.A.1939, Rules Civ.Proc. Rule 12(a). On the nineteenth day after the complaint had been filed, defendant's counsel filed a motion for security for costs under section 21–601, A.C.A.1939, and paid the statutory appearance fee, section 34–110, A.C.A.

1939. There is a sharp dispute between counsel as to whether a copy of this latter motion was served on plaintiff's attorney.

On the twenty-first day after service of the summons and complaint, plaintiff, upon affidavit of counsel, had the clerk of court enter a default against defendant Tapo, under section 21–1205, A.C.A.1939, Rules Civ.Proc. Rule 55(a). Four days later, when the motion for security for costs was undoubtedly a part of the court file, plaintiff, without notice to defendant, applied ex parte to the court for judgment by default, section 21–1206, A.C.A.1939, Rules Civ.Proc. Rule 55(b). The court, after hearing evidence as to the amount of damages, ordered judgment by default to be entered against defendant Tapo in the sum of $25,000.

The following day plaintiff caused a writ of execution to be issued and the sheriff levied upon all of the real property owned by defendant in Maricopa county. Thereafter (within two hours), defendant filed an affidavit and motion to set aside the entry of default and default judgment. The next day the court ordered a stay of execution in the matter until further order of court.

Subsequently, and after a total of some 26 instruments, i.e., motions, pleadings, amended motions and pleadings, and unique documents of various descriptions had been filed, the court set aside the default judgment and quashed the writ of execution. From this order plaintiff appeals.

Numerous subsidiary problems are here presented, but in the disposition of this case we need to consider only one question: Did the trial court abuse its discretion in setting aside the default judgment? The answer necessarily lies in our rules of civil procedure, hereinafter enumerated and discussed. See Federal Rules of Civil Procedure, 28 U.S.C.A., from which our rules are taken.

Plaintiff contends that the trial court erred in setting aside the default judgment because defendant's motion and affidavit to set aside same did not show mistake, inadvertence, or excusable neglect as provided by section 21–1502, A.C.A. 1939, Rules Civ.Proc. Rule 60(b). With the latter part of plaintiff's contention we are in agreement, and if defendant had to rely upon the inadequate showing of excusable neglect made in his motion and affidavit, the trial court could not properly have set the judgment aside.

This court has stated on many occasions that in order for a default to be set aside the party in default must show: (1) that his failure to answer within the time required by law was excusable neglect, and (2) that he had a meritorious defense. See Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544, and cases cited therein. This ruling is in harmony with the federal court decisions interpreting Rule 60(b) of the Federal Rules of Civil Procedure, supra. As to excusable neglect the only showing made

by defendant was contained in his motion and affidavit filed by counsel, which contains no facts but only a legal conclusion, as follows: "* * * that if there was any neglect whatsoever on the part of the said defendant, Nick Tapo, or his counsel in this matter, it was through inadvertence and was excusable." It would constitute an abuse of discretion for a court to set aside a default judgment upon an ineffectual showing such as this, for, as a matter of law, this is no showing at all. See, e.g., Bowles v. Branick, 66 F.Supp. 557; United States v. Knox, D.C., 79 F.Supp. 714; Swisshelm Gold Silver Co. v. Farwell, supra, and cf. Henry v. Metropolitan Life Ins. Co., D.C., 3 F.R.D. 142; Brown v. Beck, 64 Ariz. 299, 169 P.2d 855.

Defendant contends, however, that since he appeared in the action, plaintiff should have served him with notice of application to take judgment at least three days prior to the hearing on such application, and further asserts that if such notice is not given, the judgment so obtained should be set aside. This contention has merit, for defendant could properly claim surprise under section 21–1502, Rule 60(b), supra.

■ Under section 21–1205, Rule 55 (a), supra, an entry of default may be entered against a party who "has failed to plead or otherwise defend". In the instant case, defendant, within the twenty days allowed, failed to plead or otherwise defend as required. The motion for security for costs filed was insufficient to prevent the entry of default. A motion is not a pleading. It is defined as "An application to the court for an order", secs. 21–401, 21–402, A.C.A.1939, Rules Civ.Proc. Rules 7(a) and 7(b); 1 Moore's Fed.Pr. (2d ed.) sec. 7.05. Likewise, this motion is not a defense to an action, Huff v. Flynn, 48 Ariz. 175, 60 P.2d 931; Wheeler v. Lientz, D.C., 25 F.Supp. 939. Neither can it be used as a subterfuge to extend the time within which to answer or otherwise defend. See sec. 21–428, A.C.A.1939, Rules Civ.Proc. Rule 12(a); sec. 21–601, supra. Thus, the entry of default made upon affidavit of counsel for defendant was properly entered by the clerk of court.

■ The judgment by default, however, should not have been granted without notice to defendant. Section 21–1206, Rule 55(b), supra, which governs the entry of default judgments, reads in so far as applicable: "Judgment by default may be entered as follows: In all cases the party entitled to a judgment by default shall apply to the court therefor * * *. *If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing of such application. * * *"* (Emphasis supplied.) Rule 55(b), supra. In the instant case, although the motion for security for costs did not constitute a pleading or a defense to the action, the filing of

such motion and the payment of the statutory appearance fee under section 34–110, supra, did constitute an appearance. An appearance does not prevent a party from being in default for failure to plead or otherwise defend, 3 Moore's Fed.Pr., sec. 55.01, but in order for a plaintiff to secure a default judgment against a defendant it is incumbent upon plaintiff to give the three day written notice of application for judgment required under section 21–1206, Rule 55(b), supra. See Hoffman v. New Jersey Federation, etc., 3 Cir., 106 F.2d 204; Commercial Casualty Ins. Co. v. White Line T. & S. Co., 8 Cir., 114 F.2d 946. In Montgomery's Manual of Federal Jurisdiction and Procedure (4th ed.), sec. 287, it is stated: "If the defendant has not appeared, a default may be entered hereunder. (Rule 55(b)(2)). If he has appeared, a default judgment may be obtained only by application to the court; and his opponent must cause him to 'be served with written notice of the application for judgment at least three days prior to the hearing on such application.' *If judgment has been entered without notice, a reversal must be ordered.* (Emphasis supplied.) And see 3 Moore's Fed.Pr., sec. 55.02. It should be noted, however, that failure to give such notice is not jurisdictional, United States ex rel. Knupfer v. Watkins, 2 Cir., 159 F.2d 675; United States v. Borchers, 2 Cir., 163 F.2d 347, hence if application is not timely made to set it aside, the judgment becomes res judicata as any judgment entered on the merits. 3 Moore's Fed.Pr., sec. 55.02. We hold that defendant, having made his appearance, was entitled to the three day notice under section 21–1206, Rule 55(b), supra. Such notice not having been given, the judgment was properly set aside.

Setting aside a default judgment is within the sound legal discretion of the trial court under section 21–1207, A.C.A. 1939, Rules Civ.Proc., Rule 55(c). In Rawlins v. Wilson, 66 Ariz. 267, 187 P.2d 322, we pointed out that a party should be given a reasonable opportunity to litigate his claim or defense on the merits; that any doubt which may exist as to whether a default should be set aside should be resolved in favor of the application, to the end that a trial upon the merits may be had. In the instant case not only did the trial court properly exercise its discretion, but it would have been an abuse of discretion not to have set aside such judgment.

Order affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.