599 P.2d 846

**Gloria RICH, Plaintiff/Appellant,**

v.

**Marlin F. TUDOR and Mary Louise Tudor, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 3201.**

Court of Appeals of Arizona, Division 2.

June 13, 1979.

Rehearing Denied July 18, 1979.

Review Denied Sept. 11, 1979.

**394**

Seefeldt & Neal by Michael M. Neal, Tucson, for plaintiff/appellant.

John C. Haynes, Jr., and Harry H. Haynes, Tucson, for defendants/appellees.

## OPINION

RICHMOND, Chief Judge.

The buyer of a Tucson business appeals from the dismissal of her action seeking, among other things, the vacating of a default judgment in favor of sellers. The facts are best understood in a brief chronology.

1. On September 21, 1976, buyer and sellers entered into an agreement for the sale of a bar and restaurant. The agreement included a lease of the premises.

2. Buyer subsequently defaulted on the agreement and on April 13, 1978, sellers re-entered and took possession of the premises.

3. Two weeks later, sellers commenced an action against buyer for breach of contract. Buyer did not enter an appearance and judgment by default was entered on May 31.

4. On September 27 buyer brought this action to set aside the default on the ground that she had failed to answer the complaint as a direct result of threats by the seller husband which "caused her great fear and anxiety and made her fearful of filing an answer and counterclaim."

Sellers moved to dismiss for lack of jurisdiction and failure to state a claim. Relying on 16 A.R.S. Rules of Civil Procedure, rule 60(c), buyer filed a response and affidavit setting out her reasons for not answering the earlier complaint. The trial court granted sellers' motion and this appeal followed. Inasmuch as matters outside the complaint were presented to the trial court, the dismissal was in the nature of a summary judgment. 16 A.R.S. Rules of Civil Procedure, rule 12(b). We view the facts in a light most favorable to the party opposing the motion. *Mobile Home Estates, Inc. v. Levitt Mobile Home,* 118 Ariz. 219, 575 P.2d 1245 (1978).

Buyer urges it was error to dismiss her complaint because her uncontroverted affidavit establishes justification for not appearing in the earlier suit. In the alternative, she argues, the dismissal was too broad since some allegations of her complaint are still viable. We do not agree.

■■■ In the terms of rule 60(c), buyer is urging that her conduct amounted to "excusable neglect" which now entitles her to relief from the default judgment. Unless the undisputed evidence shows excusable neglect as a matter of law, whether there had been a sufficient showing for setting aside a default judgment is within the sound discretion of the trial court. *Damiano v. Damiano,* 83 Ariz. 366, 321 P.2d 1027 (1958). Because it was uncontroverted, we accept buyer's affidavit as true. *Rawlins v. Wilson,* 66 Ariz. 267, 187 P.2d 322 (1947). We do not find, however, that the undisputed facts show excusable neglect as a matter of law or that the trial court abused its discretion.

Shortly after filing the earlier complaint, according to the affidavit, the seller husband "threatened [buyer] that he would cause her financial ruin, if she continued to pursue her defenses and counterclaim to the action." Immediately afterwards, buyer found a decapitated rat on her door step

which she "assumed was placed there by [seller] or his agents." Buyer was then "fearful of her life" and left Tucson "without leaving a forwarding address or again contacting her attorney." The trial court found that these allegations did not establish sufficient justification for vacating the judgment.

That buyer was threatened with financial ruin if she pursued her defenses did not excuse her from her responsibility as a defendant in a lawsuit. *See Payne v. Payne,* 12 Ariz.App. 434, 471 P.2d 319 (1970). In her affidavit she states that upon receipt of the summons and complaint she consulted an attorney for the purpose of discussing the answer and counterclaim. Her responsibility did not end there; it was her obligation to make some arrangement for a timely appearance on her behalf.

■ Buyer's second contention is that the trial court's order dismissing her complaint was too broad. The complaint consists of five counts. With the exception of one count asking for specific performance of an earlier agreement that had been expressly nullified by the September 21 agreement,[1] and another count seeking punitive damages, the complaint alleges wrongful conduct by the seller which prevented buyer from meeting her obligations under the contract. Each of the latter counts thus alleges a claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and is, therefore, the subject of a compulsory counterclaim. 16 A.R.S. Rules of Civil Procedure, rule 13(a). Under the principles of res judicata, buyer is barred from reasserting those claims. *Technical Air Products, Inc. v. Sheridan-Gray, Inc.,* 103 Ariz. 450, 445 P.2d 426 (1968). Inasmuch as the complaint nowhere states a claim for compensatory damages, the count for punitive damages necessarily fails. *Gomez v. Dykes,* 89 Ariz. 171, 359 P.2d 760 (1961). Her complaint was properly dismissed.

Affirmed.

HOWARD, J., concurs.

1. Both the earlier agreement and the September 21 agreement were attached to appellant's

HATHAWAY, Judge, specially concurring.

We apply an objective standard in evaluating her failure to answer, and the evidence as to the rat is insufficient to warrant a reasonable belief that appellant's life was threatened. *Walker v. Kendig,* 107 Ariz. 510, 489 P.2d 849 (1971).

complaint and before the trial court at the time it ruled on the motion.