## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Levine's Loan Office, Inc., et al., v. Starke, Jr.

### December 18, 1924.

1. ATTACHMENT AND GARNISHMENT—*Definition of Garnishment.*—Garnishment is substantially a *suit* by the defendant in the name of the plaintiff against the garnishee. * * * The proceeding must be regarded as a civil suit, and not as a process of execution to enforce a judgment already rendered. In this proceeding the parties have a day in court; an issue of fact may be tried by a jury; evidence adduced, judgment rendered, costs adjudged, and execution issued on the judgment.

2. ATTACHMENT AND GARNISHMENT—*Definition of Garnishment.*—Garnishment is a statutory proceeding to enforce the *lien* of a writ of *fieri facias* on a liability of any other person than the judgment debtor, wherein the summons serves the purpose both of a writ and declaration.

3. ATTACHMENT AND GARNISHMENT—*Service of Summons on Judgment Debtor—Statute Mandatory.*—Section 6509 of the Code of Virginia, requiring service of the garnishment summons on the judgment debtor, or an order of publication in case he is a nonresident is mandatory and the trial should not proceed until the notice required by statute is given the judgment debtor.

4. ATTACHMENT AND GARNISHMENT—*Evidence Held Insufficient to Support Verdict Against Garnishee—Testimony of Garnishee and Judgment Debtor—Case at Bar.*—In the instant case the judgment debtor and the garnishee were called and examined by the plaintiff as adverse witnesses. They both testified that the garnishee owed the judgment debtor nothing. In order to impeach the judgment debtor prior inconsistent statements of his in regard to ownership of the car that injured plaintiff were introduced. The garnishee was the wife of the judgment debtor. This was practically all the evidence in the case.

   *Held:* That the evidence did not support a verdict for plaintiff against garnishee.

5. VERDICT—*Evidence Necessary—Knowledge of Jurors.*—Juries can only render verdicts upon facts proven before them, not even on the knowledge of individual jurors.

6. Attachment and Garnishment—*Examination of Garnishee as Adverse Witness—Credit to which Garnishee's Testimony is Entitled.*—The statute requires the garnishee to be examined and the fact that he is examined as an adverse witness does not justify the jury in finding that the direct opposite of his testimony is the fact.

7. Witnesses—*Credit to be Given Adverse Witness—Cross Examination of Adverse Witness—Impeachment of Adverse Witness—Reputation.*—The calling of a party as an adverse witness does not of itself discredit his testimony, but on account of bias or interest permits the party calling him to subject the adverse witness to cross-examination, besides a party calling an adverse witness does not vouch his credibil-·ity, but the party calling him cannot discredit him by evidence of general bad reputation for veracity.

Error to a judgment of the Law and Chancery Court of the city of Norfolk. Judgment for plaintiff. Garnishee assigns error.

*Reversed.*

The opinion states the case.

*James G. Martin & Bro.*, for the plaintiffs in error.

*Venable, Miller, Pilcher & Parsons*, and *J. Vaughan Groner*, for the defendant in error.

Christian, J., delivered the opinion of the court.

On the 5th day of September, 1915, Edward D. Starke, Jr., an infant, was injured in an automobile accident by Nathan Levine, and by his next friend sued Levine for damages for said injury, and on the 2nd day of February, 1916, in the Law and Chancery Court of Norfolk, recovered a judgment against Nathan Levine for $750.00 with interest and costs.

· Nothing was ever realized on this judgment, whereupon, on the 9th day of January, 1923, Edward D. Starke, Jr., an infant, by Edward D. Starke, his father and next friend, by his attorney, sued out an execu-

tion on his judgment against Nathan Levine and at the same time a summons on suggestion was sued out against Levine's Loan Office, Incorporated, Mrs. Rosa Levine and others. Nathan Levine was not made a party to the summons nor was a copy thereof served on him, but the summons against Levine's Loan Office, Incorporated, was served on him as president of said corporation.

[1] "It is important, in the first place, properly to understand the nature and effect of the process of garnishment. Garnishment is substantially a *suit* by the defendant in the name of the plaintiff against the garnishee. * * * * * In a case before the Circuit Court of the United States, Daniel, J., said: 'The proceeding must be regarded as a civil suit, and not as a process of execution to enforce a judgment already rendered. In this proceeding the parties have a day in court; an issue of fact may be tried by a jury; evidence adduced, judgment rendered, costs adjudged, and execution issued on the judgment.' *Tunstall* v. *Worthington,* Hempstead's Rep. 662; Drake on Attachment, section 452." *Rollo* v. *Andes Ins. Co.,* 23 Gratt. (64 Va.), pages 512-513 (14 Am. Rep. 147).

[2] Garnishment is a statutory proceeding to enforce the *lien* of a writ of *fieri facias* on a liability of any other person than the judgment debtor, wherein the summons serves the purpose both of a writ and declaration. Virginia Code, sections 6509-10.

[3] As stated above, service of a copy of the summons was not had upon Levine, the judgment debtor. Section 6509 of the Code of Virginia, requiring service of the garnishment summons on the judgment debtor, or an order of publication in case he is a nonresident, is mandatory and the trial should not proceed until the notice required by statute is given the judgment debtor.

[4] In the Law and Chancery Court of the city of Norfolk, on the 6th day of March, 1923, a jury was sworn to try the issue joined. Whereupon, Nathan Levine and Rosa Levine were called and examined by the plaintiff as *adverse witnesses.* Nathan Levine testified that neither Rosa Levine nor Levine's Loan Office, Incorporated, owes witness anything, nor has either of them owed him anything since the execution, on which this garnishment was based, was issued. It was proven by D. S. Phlegar and L. S. Parsons, in order to impeach Nathan Levine, that he had made prior inconsistent statements as to the ownership of the automobile which caused the injury to the plaintiff. Rosa Levine testified that she owned all the stock of Levine's Loan Office, Incorporated, except two shares; one share was formerly owned by Nathan Levine, but she purchased this share from him three or four years ago, and that the other share was owned by her son, Sidney. That Nathan Levine was a poor business man and she paid him $50.00 per month for cleaning up the store. That the capital in the business was given her by her mother, and that she had property amounting to nearly $40,000.00. Neither she nor Levine's Loan Office, Incorporated, owes Nathan Levine anything, nor has either of them owed him anything since the execution, on which this garnishment was based, was issued.

This being in substance all the evidence in the case, the court instructed the jury as follows: "The court instructs the jury that the burden is upon the plaintiff to prove by a preponderance of the evidence that the garnishees are indebted to Mr. Levine, since January 11, 1923, and the amount, if any, of such indebtedness." Whereupon, the jury retired and after some time returned a verdict in these words: "We, the jury, find for the plaintiff the sum of $750.00, with interest from Feb-

ruary 2, 1916, plus $19.25." The defendants moved the court to set aside the verdict and grant them a new trial, which motion was continued until the 7th day of March, 1923, when the court overruled the defendants' motion for a new trial, and entered judgment upon the verdict against Rosa Levine, and Levine's Loan Office, Incorporated, for the full amount with costs, thereupon the defendants sued out this writ of error.

[5, 7] There is no evidence in the case on which the jury could base its verdict. Juries can only render verdicts upon facts proven before them, not even on the knowledge of individual jurors. The statute requires the garnishee to be examined and the fact that he is examined as an adverse witness does not justify the jury in finding that the direct opposite of his testimony is the fact. The calling of a party as an adverse witness does not of itself discredit his testimony, but on account of bias or interest permits the party calling him to subject the adverse witness to cross-examination, besides a party calling an adverse witness does not vouch his credibility, but he cannot discredit him by evidence of general bad reputation for veracity. Nor could the jury infer from the fact that Rosa Levine was possessed of means and was the wife of Nathan Levine, that she or Levine's Loan Office, Incorporated, owed him anything, as such inference was directly contrary to the evidence in the case. The verdict of the jury should have been set aside and judgment entered for the defendants in the court below, and this court will enter such judgment.

*Reversed.*