Syllabus.

## Staunton.

### S. B. HUFF AND BRADY-HARLAN COAL AND COKE CO., INC., GARNISHEE v. IDA E. HUFF.

September 17, 1925.

Absent, Burke, J.

1. VERDICT—*Evidence to Support Verdict.*—A jury may disregard evidence which they do not believe, but they cannot find a verdict without evidence, or which is not based upon evidence.

2. VERDICT—*Evidence to Support Verdict—Setting Aside Verdict.*—Where there is no evidence to support a verdict, it should be set aside.

3. VERDICT—*Evidence to Support Verdict—Burden of Proof on Plaintiff.*— Where, under plaintiff's own evidence, defendant is entitled to a verdict if plaintiff's evidence is true, if plaintiff's evidence is discarded as incredible, the verdict should nevertheless be for defendant, because the plaintiff has the burden of proof, and by discarding his evidence he is left without any evidence.

4. GARNISHMENT—*Garnishee Denying Liability—Verdict for Plaintiff.*— In garnishment proceedings the garnishee denied that he owed the debtor anything, and there was no evidence to support the suggestion that the garnishee was indebted to the debtor, the suspicion that the debtor was fraudulently conspiring with the garnishee to evade his obligations being insufficient to establish such indebtedness.

   *Held:* That a finding that the garnishee was indebted to the debtor was without evidence to support it.

5. GARNISHMENT—*Master and Servant—Implied Contract for Compensation—Case at Bar.*—In garnishment proceedings, if there had been no contract between the debtor and the garnishee, his employer, doubtless an agreement to pay a reasonable amount for the debtor's services might have been implied, but there can be no such implication where the evidence shows an express agreement for compensation, the terms of the agreement, and that the garnishee is not then indebted to the debtor under the agreement.

6. GARNISHMENT—*That Garnishee is Examined as Adverse Witness Does Not Discredit Him.*—When a garnishee is examined as an adverse witness, that fact alone does not discredit his testimony nor justify a verdict unsupported by evidence, or against the only evidence submitted.

Error to a judgment of the Court of Law and Chancery of the city of Roanoke in garnishment proceedings. Judgment for plaintiff. Garnishee assign error.

*Reversed.*

The opinion states the case.

*M. P. Burks, Jr.,* for the plaintiff in error.

*Poindexter & Poindexter* and *Jackson & Henson,* for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

Ida E. Huff, formerly the wife of S. B. Huff, recovered a judgment in Roanoke against him for $450, based upon the decree of a Kentucky court which awarded her alimony, which he had failed to pay. This litigation arises out of her effort to realize her judgment by garnishment upon the suggestion that the Brady-Harlan Coal and Coke Company, Incorporated, is indebted to Huff.

The garnishee answered, denying that it owed the debtor anything, and it being averred that there had not been a full disclosure, a jury was impaneled to determine the issue thus raised. The jury found for the plaintiff. Thereupon the defendant garnishee moved the court to set aside the verdict as contrary to the law and the evidence, which motion being overruled, judgment for the plaintiff was entered, and the garnishee assigns error. So that the question is whether there is evidence sufficient to support the finding that the garnishee was indebted to Huff in the amount claimed and found by the jury at the time the suggestion was served.

This is the evidence introduced and relied on by the plaintiff, Ida E. Huff:

"C. H. Brady, being called as an adverse witness, testified as follows:

"That he is president of the Brady-Harlan Coal and Coke Company, the garnishee defendant in this case; that he has been president of said company since its organization about two years ago; that said company has its principal office in the city of Roanoke, and its business consists in mining coal and selling the same at wholesale and retail; that the company has a capital stock of $20,000, divided into shares of $100 each; that practically all of its stock is owned by himself; that S. B. Huff is secretary of the corporation and owns two shares of stock which is held by C. H. Brady as collateral security for a personal loan made by Brady to Huff; that S. B. Huff has been working for the company since its organization in November, 1923; that the services rendered by him are worth $125 per month; that the company pays another employee, not a stockholder, that amount for work of a similar character; that the company has various employees, all of whom are paid salaries commensurate with their services, except S. B. Huff; that upon the organization of the corporation there was an understanding among the stockholders that none of the officers were to receive compensation; that no dividends were to be declared until the corporation got on a paying basis, and that if the corporation made no profits no salaries were to be drawn, but if it was successful he (Brady) would see that the officers received adequate compensation and would be taken care of; that up to the present time there have been no profits and no salaries or dividends have been paid, and what money had been made has been turned

back into the corporation and applied in the buying of new equipment, betterment, and so forth; that the corporation is not indebted to S. B. Huff, in any sum whatsoever, andth at Huff is indebted to Brady for moneys loaned and advanced in a sum greatly in excess of the par value of the stock held by said company as security; that prior to the organization of the Virginia corporation he and Huff had been interested in a coal mine at Hazard, Kentucky; that Huff was a stockholder in the Kentucky company, and upon closing out its business received a gross amount of $11,000, and after paying his debts he realized the net amount of about $6,000; that he knew of the trouble between S. B. Huff and his wife, and that she had obtained a decree for alimony against him in Kentucky for $75.00 per month, and that she was endeavoring to enforce the payment of the same; that S. B. Huff gave his whole time and services to the Brady-Harlan Coal and Coke Company; that S. B. Huff is not a relative of the said C. H. Brady."

It also appears that she has two children who are dependent on her for support; that her health is not good; that S. B. Huff has paid her only $37.50 since the Kentucky decree of September 21, 1923, and that she is now, and has been for some time, very much embarrassed financially.

While a jury may disregard evidence which they do not believe, they cannot find a verdict without evidence, or which is not based upon evidence. If true, this testimony required a verdict for the defendant. If discarded as incredible, the verdict should nevertheless also have been for the defendant, because then the plaintiff, who had the burden of proof, is left without any evidence. When there is no evidence to support a verdict, it should certainly be set

aside. There is no evidence in this record to support. the suggestion that the garnishee is indebted to Huff, and the suspicion that he is fraudulently conspiring with the garnishee to evade his obligations is insufficient to establish such indebtedness. If it be apparent that Huff has fraudulently concealed his assets, this falls short of showing that the garnishee is indebted to Huff. If there had been no contract between Huff and the garnishee doubtless an agreement to pay him a reasonable amount for his services might have been implied (*Catlett* v. *Alsop*, 99 Va. 687, 40 S. E. 34); but there can be no such implication here because the only evidence introduced shows an express agreement for compensation, its terms and that the garnishee is not now so indebted. When a garnishee is examined as an adverse witness, that fact alone does not discredit his testimony nor justify a verdict unsupported by evidence, or against the only evidence submitted. *Levine's Loan Office* v. *Starke*, 140 Va. 712, 125 S. E. 684.

The judgment must therefore be reversed, and final judgment for the defendant garnishee will be entered here.

*Reversed.*