367 P.2d 668

Enrique GONZALES and Maria Gonzales, husband and wife, Appellants,

v.

William WHITNEY, John Vickers and H & M Builders, Inc., Appellees.

No. 6748.

Supreme Court of Arizona.

En Banc.

Dec. 27, 1961.

Rehearing Denied March 6, 1962.

William Rogers, Jr., Phoenix, for appellants.

Harry A. Stewart, Jr., and William S. Andrews, Phoenix, for appellee John Vickers.

F. Britton Burns, Phoenix, for appellee H & M Builders, Inc.

CHARLES P. ELMER, Superior Court Judge.

This is an appeal by the plaintiffs below from the order of the trial court, granting the motion of the garnishee-defendant, John Vickers, to set aside default and judgment by default entered against him herein and to set aside the further judgment entered thereafter against garnishee-defendant H & M Builders, Inc.

In the early summer of 1956, appellants were granted a default judgment against one William Whitney for a sum in excess of $2,700.00. Thereafter, on August 23, 1956, they secured the issuance of a writ of garnishment against appellee John Vickers. In order to effect service of this writ on Vickers, the appellants had the clerk appoint one Lester Swanlund pursuant to Rule 4(c) of the Rules of Civil Procedure, 16 A.R.S. Mr. Swanlund thereafter made an affidavit of what he had done with the writ, averring that "he personally served the same on:

"John .Vickers, Contractor, by leaving a copy with Ju[a]nita Vickers, in person, his wife and part owner, during regular office hours at 2411 West Belmont, Phoenix, Arizona, on August 23, 1956 at 1:50 p. m."

Vickers failed to answer the writ and his default was entered on September 20, 1956. On the same day, judgment by default was entered against him. A copy of this judg-- ment was mailed to Mr. Vickers on or about September 24, 1956, and a few days thereafter the attorney for appellants received a telephone call from a , woman who represented herself as being Mrs. Vickers, in which she admitted that he had received the copy of the judgment. Nothing further was done to effect collection of judgment either against the principal defendant or the defendant-garnishee until on or about April 5, 1957, when appellants secured the issuance of a writ of garnishment directed to the appellee H & M Builders, Inc., as well as some other garnishees who are not involved in this appeal. H & M Builders, Inc. filed an answer to the writ served upon it, in which it acknowledged it was indebted to garnishee-defendant Vickers in a sum in excess of $3,000.00. Thereafter, on May 2, 1957, judgment was entered in favor of appellants against garnishee-defendant H & M Builders, Inc., based upon the answer to the Writ of Garnishment.

On May 8, 1957, appellee Vickers filed a motion to set aside the judgment entered on September 20, 1956, upon the grounds (1) that he was not properly served with the writ of garnishment, and (2) that he failed to answer through mistake, inadvertence, surprise and fraud. This motion is supported by the affidavit of Mr. Arthur Van Haren, Jr., attorney for Mr. Vickers, in which he averred that on October 4, 1956 he discussed the matter of default judgment

taken against Vickers with William Rogers, Jr., the attorney for the plaintiffs; that in this conversation Mr. Rogers specifically informed Mr. Van Haren a time payment plan was being arranged between Whitney and the appellants and that appellants would not look to Mr. Vickers for the payment of the judgment against him in that he understood that the principal judgment debtor was not a creditor in any way whatsoever of Mr. Vickers. Mr. Van Haren further averred that in this conversation Mr. Rogers specifically stipulated that he would quash the default judgment taken against Mr. Vickers in that he knew it could be set aside, and he further specifically promised that he would not levy, or attempt to levy any executions upon Mr. Vickers.

Mr. Rogers filed an affidavit in opposition to the motion in which he controverted the Van Haren affidavit, averring that he never promised or agreed that he would quash or set aside the default judgment taken against Vickers; and averring that on August 23, 1956 appellee Vickers regularly resided at 2411 W. Belmont, Phoenix, and that Juanita Vickers, a person of suitable age and discretion, also then resided at that address. Thereafter, there was filed an affidavit of John Vickers which states that the "judgment pleading was lost through no fault of the affiant" and restates the substance of the averments of Mr. Van Haren's affidavit.

The trial court granted the motion to set aside the judgments and it is from the order granting the motion that this appeal is taken. The order does not recite the ground on which the motion was granted.

Appellants have made but one assignment of error and that is that the trial court erred in granting the motion to set aside the default and the judgment by default after more than six months had elapsed since the entry of the judgment and garnishee Vickers had been personally served with process. Under this assignment appellants advance two propositions of law; first, that the trial court has no jurisdiction to set aside a judgment after six months from the entry thereof and, second, that in order to attack a judgment upon the ground of fraud, it must be clearly shown that the fraud complained of had been practiced in the very act of obtaining the judgment. Appellees allege that there was no service on Vickers of the writ of garnishment because

(1) it was served by a private process server instead of a sheriff or constable, and

(2) there was no actual delivery by the process server to Vickers in person

and further alleges that the six-months period following entry of judgment does not apply because there was a showing of fraud.

The first question we are called upon to decide, therefore, is whether or not the

service of the writ of garnishment on Mr. Vickers was sufficient, under Arizona law, upon which to base a valid, personal judgment against him.

Appellees base their position on the provisions of A.R.S. §§ 12–1574, subd. A and 12–1577, subds. A and B as follows:

A.R.S. § 12–1574:

"A. The clerk * * * shall file the affidavit provided for in § 12–1573, and bond, if any, and immediately issue a writ of garnishment directed to the sheriff or any constable of the county where the garnishee is alleged to be, commanding him forthwith to summon the garnishee * * *."

A.R.S. § 12–1577 provides, in part, as follows:

"A. The writ of garnishment shall be dated and attested as other writs and may be delivered by the officer who issued it to the sheriff or constable, or to the plaintiff for delivery to the sheriff or constable.

"B. The officer receiving the writ shall immediately serve it by delivering a copy to the garnishee, and shall make return thereof as of summons."

They urge that there are no provisions in the statutes pertaining to service of a writ of garnishment which permit such to be served by any person other than the officers there enumerated, nor is there anything in the statutes which permit of the service of the writ on any person other than the named garnishee himself; that for these reasons the attempted service of the writ by the private process server, Mr. Swanlund on Juanita Vickers in accordance with Rule 4(a) and 4(c) of the Rules of Civil Procedure was a nullity and wholly insufficient to vest the trial court with jurisdiction. They claim garnishment is a creature of the statute and must be regulated by the terms of the statute.

■ There is no question but that garnishment proceedings are to be regulated by the terms of the statute. Davis v. Chilson, 48 Ariz. 366, 62 P.2d 127. However, procedural statutes may be amended by the Rules promulgated by the Supreme Court of Arizona. Burney v. Lee, 59 Ariz. 360, 129 P.2d 308. By A.R.S. § 12–111 the Arizona state legislature declared that "statutes relating to pleading, practice and procedure shall be deemed rules of court and shall remain in effect as such until modified or suspended by rules promulgated by the supreme court." The question then is whether Rule 4, Rules of Civil Procedure, modifies A.R.S. § 12–1577.

Process is defined in A.R.S. § 1–215 as follows:

"23. 'Process' means a citation, writ or summons issued in the course of judicial proceedings."

Rule 4(c), Rules of Civil Procedure, provides:

"*Service of all process* shall be made by a sheriff, by his deputy, or by some person specially appointed by the court or clerk for that purpose \* \* \*." (Emphasis supplied.)

This court has previously held in Davis v. Chilson, supra, that the then Rule 7 of the Uniform Rules of the Superior Court governed the rendering of judgments against a garnishee-defendant and required that a copy of the judgment be served upon the opposite party although this procedure was not required by the garnishment statute itself. The opinion in the course of discussing the garnishment statutes also states:

"This writ is served upon the garnishee in the same manner as a summons and complaint, although the time for answer is somewhat shorter than that provided in an ordinary action." [48 Ariz. 366, 62 P.2d 129].

The statute then in effect (1928 Code, § 3761) provided that the summons could be served by any disinterested person competent to make oath of the fact.

That the Rules of Civil Procedure promulgated by the Supreme Court may be subordinate to statutory procedures in certain instances was recognized in Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749. In that case it was sought to maintain a counterclaim to a complaint of forcible entry and detainer on the basis it was compulsory under Rule 13(a), Rules of Civil Procedure, to do so. The court held that under the forcible entry and detainer statute the short length of time provided for the return date of the summons and hearing the matter was an integral part of the remedy provided and to allow the interposition of a counterclaim would require an extension of that time. The procedural aspects of the remedy thus were a part of a substantive right created by the legislature.

It cannot really be said that it affects the purpose and efficacy of a garnishment proceeding for a person denoted as sheriff or constable to serve the writ nor does permitting service upon the garnishee in accordance with Rule 4(d), Rules of Civil Procedure, take away from the legislative remedy of garnishment in any particular. The purpose of process is to bring parties to a litigation into the jurisdiction of the court, to notify them of the nature of the claim, and to give them an opportunity to appear and be heard. Garnishment is an independent action, Davis v. Chilson, supra, in which the garnishee is defendant and the writ serves the function of a summons and complaint. Nothing is required of the garnishee except to file an answer as any other

defendant, and he may have his day in court on the same basis. Cf. Levine's Loan Office v. Starke, 140 Va. 712, 125 S.E. 683.

■ Service was made by a duly appointed process server leaving the writ with Juanita Vickers at 2411 West Belmont, Phoenix, Arizona. By affidavit appellants avow that this address is the residence of garnishee Vickers and that Juanita Vickers is a person of suitable age and discretion who also resided there. Appellees do not controvert this. The method of service therefore fully complied with Rule 4, Rules of Civil Procedure.

■ The remaining grounds of the motion to set aside the default judgment are that the appellee Vickers failed to answer through mistake, inadvertence and excusable negligence and that the judgment was taken against him by surprise and fraud. Setting aside a default judgment is within the sound legal discretion of the court, Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942, and is favored so that the party may have an opportunity to litigate his defense on the merits. Rawlins v. Wilson, 66 Ariz. 267, 187 P.2d 322. However, the exercise of such discretion must be supported by a showing of facts sufficient to indicate that such surprise, excusable negligence or mistake existed and that if the motion be granted, the party has a substantial and meritorious defense. Swisshelm

Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544; Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746. Unless these elements appear, it is an abuse of discretion to set aside the default judgment. Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522; Marsh v. Riskas, supra.

■ The affidavits filed in support of the motion, as described above, set forth only events which occurred subsequent to the entry of judgment. There is no showing of any fact to excuse the failure to answer the writ nor do the affidavits allege or indicate in any way that the appellee Vickers was not in fact indebted to the judgment debtor or that there was any meritorious and substantial defense.

■ Bearing upon the claim of fraud, the only facts stated in the affidavits upon which the allegation of fraud is based occurred subsequent to the judgment. There is no claim that the judgment itself was obtained by fraud.

Schuster v. Schuster, 51 Ariz. 1, 73 P.2d 1345, 1348, in which the court was dealing with the collateral attack upon a judgment makes the following statement:

"But, even assuming for the sake of the argument, that this is a direct attack upon the judgment, and not a collateral one, we think that plaintiff's complaint did not state a cause of ac-

tion. Even in direct proceedings, judgments may not be attacked for any and all kinds of fraud. The fraud complained of must have been practiced in the very act of obtaining the judgment, and all cases of fraud which might have been used to win or defeat the action on its merits are excluded. The fraud must be extrinsic and collateral to the matter tried, and not something which was actually or potentially in issue in the case, unless the interposition of the defense was prevented by fraud or conduct of the opposite party.".

This is the general rule. 49 C.J.S. Judgments §§ 269, 334(c). No facts are alleged in the motion to set aside the judgment or in the supporting affidavits which would bear on the manner in which the judgment was obtained. Cf. Nicholson v. Thomas, 277 Ky. 760, 127 S.W.2d 155.

The judgment is reversed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concurring.

NOTE: Justice Lorna E. Lockwood, having disqualified herself, the Honorable CHARLES P. ELMER, Judge of the Superior Court of Mohave County, Arizona, was called to sit in her stead and participate in the determination of this appeal.