380 P.2d 1016

**HEAT PUMP EQUIPMENT COMPANY, an Arizona corporation, Appellant,**

v.

**GLEN ALDEN CORPORATION dba the Mathes Company, a division of the Glen Alden Corporation, Glen Alden Corporation, a Pennsylvania corporation, Republic Transcon Industries, a corporation, Salt River Project Agricultural Improvement and Power District, an Arizona Power District, the Black Corporation, Appellees.**

No. 7851.

Supreme Court of Arizona,

En Banc.

April 24, 1963.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, Johnston & Gillenwater, by Powell B. Gillenwater, Phoenix, for appellant.

Langerman & Begam, by Frank Lewis, Phoenix, for appellees.

## PER CURIAM.

This appeal presents the question of the scope of this Court's rule-making power in particular reference to Rule 4(e) (2) of the Rule of Civil Procedure, 16 A.R.S., as amended July 14, 1961, and effective after October 31, 1961, relating to personal service of process out of state.[1]

Defendants-appellees, Glen Alden Corporation and Republic Transcon Industries, Inc., are foreign corporations which do not appear from the record to have agents in this state qualified to accept service of process. In January 1962, plaintiff-appellant made personal service on one of these appellees by registered mail under Rule 4(e) (2) (a) as amended, and on the other by direct service out of state under Rule 4 (e) (2) (b), as amended. The two appellees moved to dismiss the complaint as to them on the grounds of lack of jurisdiction and insufficient service of process. The supe-

---

1. Rule 4(e) (2), as amended, provides in relevant part: "When the defendant is * * * a corporation doing business in this state, or is a * * * corporation * * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. * * * *" Paragraph (a) of Rule 4(e) (2) provides for service by registered mail, and paragraph (b) by direct service out of state.

rior court granted the motion, holding that the service would have been "unquestionably impossible" prior to the amendment, and the amendment is "invalid for the reason that it changes the substantive law rather than merely the procedural law." Final judgment was thereupon entered in favor of the two appellees, pursuant to Rule 54(b) of the Rules of Civil Procedure, and this appeal follows.

It is conceded that the service on appellees did not comply with Rule 4(e) prior to its amendment in 1961.[2] Nor is any question raised on this appeal as to compliance with Rule 4(e) (2) as amended. The sole issue is the validity of the amended rule.

■ Rules of practice and procedure governing the courts have been considered in this State to be essentially judicial in nature, with the power to make them inherent in the courts on the basis of the State Constitution which distributes the powers of government among the legislative, executive and judicial departments (Article III), and vests the judicial power of the state in the courts (Article VI, Section 1), Burney v. Lee, 59 Ariz. 360, 129

P.2d 308 (1942); State v. Pierce, 59 Ariz. 411, 129 P.2d 916 (1942). The statute authorizing this Court to make rules of pleading, practice, and procedure which do not abridge, enlarge or modify substantive rights (A.R.S. § 12–109) has been upheld as a withdrawal by the legislature from the rule-making field, Burney v. Lee, supra; State v. Pierce, supra. Since December 9, 1960, the Supreme Court has the express power under Article VI, Section 5, of the state constitution, A.R.S., "to make rules relative to all procedural matters in any court."

■ Thus the rule-making power of this Court extends to procedural matters. This power is consistent with that of the Supreme Court of the United States which adopted the Federal Rules of Civil Procedure on which our state rules are patterned, Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946). A meaningful definition of procedural matters in the context of rule-making powers was made by the Supreme Court of the United States in Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941):

2. Prior to being amended, Rule 4(e) (1) provided, in relevant part: "When a party to the action * * * files an affidavit in the action that the defendant * * * is a corporation incorporated under the laws of any other state or foreign country and is doing business in this state, or has property herein, but has no legally appointed and constituted agent in this state * * * service shall be made by publication * * *." Rule 4 (e) (2) provided for personal service out of state, and Rule 4(e) (3) for service by registered mail. It had been held that personal service could be made on a foreign corporation having no legally appointed and constituted agent in this State, only by publication. D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243 (1947).

"The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." 312 U.S. at 14, 61 S.Ct. at 426–427, 85 L.Ed. 479.

The Court there refused to equate substantive, as opposed to procedural, rights with "important" or "substantial" rights, 312 U.S. at 11–14, 61 S.Ct. at 425–427, 85 L.Ed. 479.

■ Similarly, in Mississippi Publishing Corp. v. Murphree, supra, the Supreme Court of the United States, recognizing that "most alterations of the rules of practice and procedure may and often do affect the rights of litigants", 326 U.S. at 445, 66 S.Ct. at 246, 90 L.Ed. 185, nonetheless held the rule there involved to be procedural because

"* * * it does not operate to abridge, enlarge or modify the rules of decision by which that [the district] court will adjudicate its rights. It relates merely to 'the manner and means by which a right to recover * * is enforced.'" 326 U.S. at 446, 66 S.Ct. at 246, 90 L.Ed. 185.

Rules affecting process have been held as procedural and within the rule-making powers of a court. In Gonzales v. Whitney, 90 Ariz. 324, 367 P.2d 668 (1961), this Court upheld the service of a writ of garnishment by a private process server, under Rule 4(d) of the Rules of Civil Procedure, despite the fact that the statute (A.R.S. § 12–1577) provided for service by a sheriff or constable. We there said:

"The purpose of process is to bring parties to a litigation into the jurisdiction of the court, to notify them of the nature of the claim, and to give them an opportunity to appear and be heard." 90 Ariz. at 329, 367 P.2d at 671.

In Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1945) the Supreme Court of the United States held Rule 4(f) of the Federal Rules of Civil Procedure, which authorizes service of process within the state but outside the federal district, to be procedural and valid.

In McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the Supreme Court of the United States held that a California statute providing for service on foreign insurance corporations by registered mail was applicable to insurance contracts entered into prior to the effective date of the statute, without impairing, by this retroactive application, the obligation of the insurance contract, for the reason that the service of process statute did not enlarge or impair substantive rights, but

"* * * did nothing more than to provide petitioner with a California

forum to enforce whatever substantive rights she might have against respondent." 355 U.S. at 244, 78 S.Ct. at 202, 2 L.Ed.2d 223.

Thus there have been held to be procedural, rules which provide who may serve process (Gonzales v. Whitney, supra) where process may be served (Mississippi Publishing Corp. v. Murphree, supra), and on whom and by what means process may be served (McGee v. International Life Insurance Co., supra). Rule 4(e) (2), as amended, goes no further.

Under Article VI, Section 14 of the Arizona Constitution, the superior court exercises all the original judicial jurisdiction of the state, subject only to specific exceptions not here applicable, and to the due process limitations of the Fourteenth Amendment to the United States Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., supra. The judicial power of Arizona, and thus of the superior court, to adjudicate the rights of appellees in this action has not been questioned on this appeal. Rule 4(e) (2) serves only to implement that jurisdiction or judicial power by providing a procedure by which defendants may be brought into the superior court. It does not affect the rules of decision by which the superior court will determine the rights of appellees.

We hold that Rule 4(e) (2), as amended, relates to procedural matters, within the meaning of Article VI, Section 5, of the State Constitution, and is a valid exercise of the rule-making power of this Court.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.